[No. 24172. Department One. March 31, 1933.]

THE STATE OF WASHINGTON, *on the Relation of John H. Dunbar, Attorney General, Appellant,* v. CARL OLSON, *Respondent.*[1]

*The Attorney General, Harry Ellsworth Foster,* and *Granville Egan,* for appellant.

*C. J. Henderson* and *Alfred McBee,* for respondent.

PARKER, J.—The state commenced this action in the superior court for Skagit county against the defendant, Olson, looking to the recovery from him of an alleged unwarranted excess of an award made to him by the state department of labor and industries for injury to his right eye as a permanent partial disability. Olson, by his counsel, demurred to the complaint. The demurrer was by the court sustained, and, the state electing not to plead further, final judgment of dismissal was accordingly rendered, from which the state has appealed to this court.

[1]Reported in 20 P. (2d) 850.

The controlling facts alleged in the complaint may be sufficiently summarized as follows: (Our quotations are from the language of the complaint.)

About October 7, 1926, Olson sustained an injury to his right eye while engaged in an extrahazardous employment in Skagit county. About October 14, 1926, he filed with the department a report of his injury, making claim of compensation for his resulting disability under our workmen's compensation law.

"After the filing of said report of accident and claim for compensation, the said department of labor and industries allowed said claim and properly classified the defendant as having a temporary total disability from the date of such injury to October 25, 1926, and caused the defendant to be paid therefor. Thereafter, and on or about April 15, 1927, the said state department, relying and acting upon the written medical report and advice of Dr. S. S. Howe, a physician and surgeon, classified the defendant as having a permanent partial disability consisting of the total loss of the sight of the right eye, and accordingly caused the defendant to be paid the sum of one thousand eighty dollars ($1,080) out of the state accident fund, which sum the defendant received on or about April 20, 1927."

Thereafter, the department

". . . received written advice of the Skagit Safety Council that the payment for permanent partial disability made by the said state department aforesaid was excessive, and that the said defendant had not suffered the total loss of the sight of the right eye."

Thereafter, about April 27, 1928, the defendant was examined by Dr. F. J. Van Kirk and Dr. S. S. Howe. Dr. Van Kirk reported to the department his opinion "that not more than fifty per cent of the vision of the right eye was gone." Dr. Howe did not make any further report than as he had theretofore made to the department. About January 3, 1928, the depart-

ment held a hearing, at which the defendant was present and admitted "that, in his opinion, the disability to the said right eye was less than total loss of vision but more than fifty per cent loss of vision." The complaint contains further allegations, in substance, that the defendant has refused to submit himself to further examination by physicians or eye specialists.

The prayer of the complaint is, in substance, that the defendant be required to submit himself to further examination by doctors to be designated by the court; that the court try out the issues and determine the extent of disability which the defendant has suffered in the loss of the sight of his right eye; that, in the event he refuses to submit to further examination of doctors, the court render judgment against him in favor of the state in the sum of $540; that is, one-half of the award made and paid to him by the department; and finally, for such other and further relief as to the court may seem proper in the premises.

It is plain that the compensation awarded to Olson for his temporary total disability for the short period from October 7, 1926, to October 25, 1926, was measured by monthly allowance for such classified disability prescribed by Rem. Rev. Stat., § 7679, subd. (d); that is, it was measured by the statutory monthly allowance. It is equally plain that the compensation of $1,080 awarded to Olson for the loss of the sight of his right eye, classified as a permanent partial disability, was under Rem. Rev. Stat., § 7679, subd. (f), specifying that sum as a lump sum total award to be made for "loss of sight of one eye."

We do not find in our workmen's compensation law any provision for a reexamination of an award looking to recovery of any of the portion thereof from an injured workman, which has been awarded and paid to him by the department. In Rem. Rev. Stat.,

§ 7679, subd. (h), and § 7688, there do appear provisions looking to reexamination and readjustment of future payments of periodical awards made by the department; but these provisions do not have any reference to recovery from an injured workman of any sums which have been awarded and paid to him by the department.

The state's claim of recovery, as we understand the contentions here made in its behalf, is rested upon the excessive award and payment made under mistake of fact on the part of the department as to Olson's "loss of sight of one eye." There is no allegation of fraud practiced on the part of Olson in the least degree inducing the department to erroneously award to him the statutory lump sum of $1,080 for the "loss of sight of one eye." Nor is there any allegation that the department did not have ample means at hand to properly determine that question before it made that award.

Assuming, for present purposes, that fraud by an injured workman inducing an erroneous award to be made to him, might be such as to enable the state to recover from him all or some portion thereof, we are of the opinion that this complaint does not allege facts sufficient to call for inquiry looking to such recovery. This case, as we view it, is not one involving a simple question of money had and received as the result of mistake, but is a question of money had and received by Olson as the result of a statutory prescribed inquiry on the part of the department acting in a quasi-judicial capacity.

We conclude that the judgment must be affirmed. It is so ordered.

BEALS, C. J., HOLCOMB, MILLARD, and MITCHELL, JJ., concur.