[No. 28253. Department One. January 31, 1942.]

EDWIN C. SORENSON, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

[1]Reported in 121 P. (2d) 978.

*Oscar A. Zabel,* for appellant.

*The Attorney General* and *W. A. Toner, Assistant,* for respondent Department of Labor and Industries.

*L. B. Donley,* for respondent Weyerhaueser Timber Company.

DRIVER, J.—This is an appeal by a workman, Edwin C. Sorenson, also known as William Sorenson (sometimes spelled Sorensen), from a judgment of the superior court sustaining an order of the joint board of the department of labor and industries rejecting his claim under the workmen's compensation act. The history of the controversy leading up to the appeal may be summarized as follows:

On January 10, 1929, appellant, who was then in the employ of the Weyerhaeuser Timber Company, the employer respondent in the present case, suffered severe injuries to his right leg and ankle and to the bones of both his feet when he was caught and crushed by a rolling log. In the course of his treatment, it was necessary to take a quantity of flesh from his leg and graft it to his left heel. Although the operation was skillfully and successfully performed, it left the heel very lame and tender, and the workman could not walk

without the aid of crutches. His claim, filed under the name of William Sorenson, the name by which he was then commonly known, and numbered 480807 by the department, was allowed. He was classified as permanently and totally disabled, and was awarded a pension on that basis.

July 21, 1936, upon appellant's petition, the department converted his pension to a lump sum payment of $2,795.90, which was fifty per cent of the computed value of his pension reserve at that time. The departmental order approving the settlement recited that it was made "Pursuant to [Rem. Rev. Stat.] Sections 7681 and 7684 of the Industrial Insurance Law: . . . with the understanding that William Sorenson . . . is to return to his home in Norway."

Shortly after he received the lump sum payment, appellant did return to Norway, where he remained for a little over a year. Upon his return to the United States at the end of that period, he was physically much improved. He was able to walk without crutches, and, from November, 1937, until May, 1938, he worked in the woods in this state, felling trees and cutting cordwood on three different jobs, putting in altogether about four months' time. On May 10, 1938, he was again employed by the Weyerhaeuser Timber Company in one of its logging camps at Vail. The work was strenuous and difficult and required him to be on his feet much of the time. On May 25th, according to appellant's testimony before the joint board, he slipped and fell from a log to the ground, ten or twelve feet below, striking and injuring his left heel as he alighted. He bandaged the heel, he stated, put arch supports in his left shoe, and continued to work until June 3rd, but the condition of his foot progressively grew worse until it became so bad that he could do no work at all.

Appellant presented to the department a claim for

this injury (No. 856081), but the supervisor of industrial insurance rejected it in an order dated September 17, 1938,

" . . . for the reason that 1. That there is no proof of injury sustained in the course of employment. 2. That claimant's condition is not the result of injury alleged, but is the result of an industrial injury as set forth in Claim No. 480807, *for which the claimant has been fully compensated.*" (Italics ours.)

On September 28, 1938, appellant, as Edwin C. Sorensen, filed an application for rehearing before the joint board as to claim No. 856081 (which was later granted); and, on the same date, also filed, with reference to his claim No. 480807, an "alternative petition" for additional compensation in case he should be denied recovery for his later injury. This alternative petition, which seems to have been treated as an application to reopen the old claim, was rejected by the supervisor on November 21, 1938, and appellant thereupon filed an application for rehearing before the joint board. This application also was granted and, by stipulation of counsel, the parties agreed to consider the claims on the old and the later injuries as consolidated for the purpose of the joint board hearings.

On November 20, 1939, the board entered two separate orders, one sustaining the action of the supervisor rejecting claim No. 856081 for the later injury, and the other affirming the supervisor's decision refusing to reopen the prior claim No. 480807. The workman, Mr. Sorenson, thereupon duly appealed to the superior court from the first order, but did not directly appeal from the other. However, the entire departmental record on the old claim (No. 480807) was before the superior court, and is before this court as an exhibit in the instant case.

The trial court, as we have said, upheld the action

of the joint board and dismissed the workman's appeal. The appeal to this court presents two questions for determination: First, did appellant prove that, in the course of his employment, he sustained any later injury (claim No. 856081) compensable under the workmen's compensation act; and, second, if so, was he precluded from recovery of additional compensation therefor by the lump sum settlement which he received for his earlier injury (claim No. 480807). These questions will be discussed in the order stated.

■ Respondent employer argues that appellant's story that he fell from a log and injured his left heel on May 25, 1938, is inherently improbable, lacks corroboration, and "did not impress the trial court." However, we do not think that appellant's right of recovery necessarily depends upon proof of a specific injury on that particular day. No medical expert testified either for or against appellant, but, from the testimony of lay witnesses, and viewing the record as a whole, the following facts stand out as clearly established:

Whatever may have been appellant's physical condition as the result of his old injuries, when he entered the employ of the Weyerhaeuser Timber Company on May 10, 1938, he was at least able to do some manual work. He had just come from a cordwood cutting job of about two months' duration. The work he was doing for the timber company was too strenuous and exacting for his feet (particularly the left heel) in their injured and weakened condition. It seems to have been common knowledge among his fellow workmen that he could not stand the work, although they tried to favor him as much as they could. He, as stated, bandaged his feet and used arch supports, he padded his shoes with cotton, and made a courageous effort to carry on; but, after working until June 3rd, his left heel broke down again, and he was back on crutches.

Up to the time he testified before a joint board examiner on November 25, 1938, he had been physically unable to engage in any remunerative employment.

Under such circumstances, it may be said that appellant, in the course of his employment, suffered a compensable injury under the workmen's compensation act. *McCormick Lbr. Co. v. Department of Labor & Industries,* 7 Wn. (2d) 40, 108 P. (2d) 807; *Northwest Metal Products v. Department of Labor & Industries, ante* p. 155, 120 P. (2d) 855. In the first of the two cases cited, after a comprehensive review of our prior decisions, we said, p. 59:

"It is true that, in practically all of the cases hereinbefore cited, there was some strain or effort beyond that ordinarily employed by the particular workman. However, the rule which this court has repeatedly and emphatically stated in those same decisions was not limited to those conditions. What this court has positively declared as its accepted rule, under both the original and the present definition of 'injury' is this: An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, *whatever the degree of exertion or the condition of the workman's health.*"

Applying this rule to the instant case, it is established by evidence amply sufficient to overcome the presumption of the correctness of the joint board's finding that appellant sustained a compensable injury in the course of his last employment with respondent Weyerhaeuser Timber Company.

■ This brings us to the question whether appellant is precluded from recovery in this case by reason of his having received a lump sum settlement for his former injury. He was rated as permanently and totally disabled, and if, as the joint board and the trial court found, "claimant had been fully compensated,"

he is not entitled to any further award for the subsequent injury. We so held in the recent case of *Harrington v. Department of Labor & Industries,* 9 Wn. (2d) 1, 113 P. (2d) 518. We quote from the opinion as follows, p. 83:

"Having been classified as permanently and totally disabled, respondent could not, in law, be further disabled. He had already received the highest disability rating known to the law, *and upon that rating had been granted the highest compensation allowable under the workmen's compensation act.* . . .

"The mere fact that a workman may recover from an injury which has been classified as a permanent total disability, *and for which he has been fully compensated,* does not negative the fact that *he has already received all the benefits that may be allowed for permanent and total disability."* (Italics ours.)

██ Has appellant, then, been fully compensated for his prior injury? Upon conversion of his monthly pension payments to a lump sum award, he was entitled to receive an amount "(not in any case to exceed four thousand dollars ($4,000.00)), equal . . . to the value of the annuity then remaining, . . ." Rem. Rev. Stat., § 7681 [P. C. § 3475]. The value of appellant's annuity was in excess of $4,000, and, therefore, he should have received that amount as the maximum lump sum award permissible under the quoted statutory provision. As authority for its settlement for a lesser sum, the department, as we have stated, cited Rem. Rev. Stat., §§ 7681, 7684 [P. C. §§ 3475, 3478], apparently relying upon the following portions thereof:

"In the event any payment shall be due to an alien residing in a foreign country, the department may settle the same by making a lump sum payment in such amount as may be agreed to by such alien, not to exceed 50% of the value of the annuity then remaining." (§ 7681.)

"Except as otherwise provided by treaty, whenever under the provisions of this act, compensation is payable to a beneficiary or dependent who is an alien not residing in the United States, the department shall pay fifty per centum of the compensation herein otherwise provided to such beneficiary or dependent." (§ 7684.)

At the time of the lump sum settlement, appellant was an alien, but he was then, and since the year 1907 continuously had been, residing in the United States. The fact that he entertained and had expressed an intention to remove to a foreign country at some future time, or his removal to such country after the settlement, clearly did not bring him within the statutory provision cited. When the settlement was consummated, without question, appellant was a resident of the United States. The department did not proceed in accordance with the statutory requirements, and the lump sum payment, considered as a final settlement, was void. *Booth v. Department of Labor & Industries,* 189 Wash. 201, 64 P. (2d) 505; *Horton v. Department of Labor & Industries,* 199 Wash. 212, 90 P. (2d) 1009.

It is true, as respondent employer points out, that, in this case, appellant may not directly be awarded the additional compensation which he was entitled to receive on his lump sum settlement because he did not appeal from the joint board's order denying his application to reopen his earlier claim (No. 480807). We have repeatedly and consistently held that, in the administration of the workmen's compensation act, the courts have no original jurisdiction, but only appellate jurisdiction. See *DeStoop v. Department of Labor & Industries,* 1 Wn. (2d) 340, 95 P. (2d) 1026, and the numerous cases therein cited; also, *Ivey v. Department of Labor & Industries,* 4 Wn. (2d) 162, 102 P. (2d) 683.

However, we think this case clearly comes

within the following provision of paragraph (g) of Rem. Rev. Stat., § 7679 [P. C. § 3472]:

"Should a further accident occur to a workman who has been previously the recipient of a lump sum payment under this act, his future compensation shall be adjudged according to the other provisions of this section and *with regard to the combined effect of his injuries and his past receipt of money under this act."* (Italics ours.)

In the case at bar, the appellant sustained an injury for which he was rated as totally and permanently disabled. He was not fully compensated for that injury, the lump sum payment being void as a final settlement. He partially recovered, and thereafter sustained the further injury which is the basis of his present action. Under the provisions of the workmen's compensation act, he is now entitled to the compensation which the act prescribes for "the combined effect of his injuries," less the amount which he has already received as a lump sum settlement.

As to the disposition which should be made of appellant's claim, we think that the procedure outlined in the following excerpt from *Booth v. Department of Labor & Industries, supra,* modified to conform to the circumstances of the case at bar, should be adopted:

"In view of our construction of the statute, as already declared, the ready and easy solution of the immediate problem, considered in the abstract, would be to compel the respondent [the workman's widow] to return the lump sum payment and thus place the parties *in statu quo.* In all probability, however, that is now impossible for her to do. The question then is, what is the fair and equitable equivalent, from the practical standpoint, bearing in mind, at all times, the aim and purpose of the workmen's compensation act in the matter of relief to those who come within its provisions.

"It seems to us that the proper solution, if respondent refuses or fails to repay the lump sum amount, lies in an alternative. The department should either apply the lump sum payment already made, as an advance payment on the monthly amounts, until the sum of twenty-six hundred dollars has thus been exhausted, or else it should take credit for that amount as a partial conversion after the value of respondent's annuity has been fixed and certified by the state insurance commissioner, and then continue to make monthly payments, reduced accordingly and proportionately. The department, of course, should have the right to elect which of these alternatives it will adopt and ·follow."

The judgment of the trial court dismissing the workman's appeal from the joint board is reversed, and the cause remanded, with direction to proceed in accordance with the views expressed in this opinion.

ROBINSON, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.

[1]Reported in 121 P. (2d) 966.