[No. 37917.    Department Two.    January 5, 1967.]

W. L. TRAYLE, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.**

*Stubbs, Batali, Combs & Small,* by *H. Frank Stubbs,* for appellant.

*The Attorney General, Floyd V. Smith, Assistant, James F. Henriot,* and *Eisenhower & Carlson,* for respondent.

BARNETT, J.†—Appellant, hereinafter referred to as the claimant, appeals from a judgment of the Superior Court for Pierce County, by which an order of the Board of Industrial Insurance Appeals was affirmed. The board's order, in turn, had affirmed an order of the Department of Labor and Industries, which had deducted from the claim-

*Reported in 422 P.2d 520.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

ant's pension reserve the sum of $3,000, an amount equal to a previously paid permanent partial disability award.

The factual background to the question before us is stipulated. On December 11, 1957, the claimant sustained an injury in the course of his employment by St. Paul & Tacoma Lumber Company. He thereafter filed a claim with the Department of Labor and Industries. On October 4, 1960, he was adjudged by the department to have suffered a permanent *partial* disability, and an order was issued compensating him with an award of $3,000 (75 per cent of the statutory amputation value of the right leg below the knee, and time loss). This amount was paid to the claimant. Subsequently, the claimant appealed to the Board of Industrial Insurance Appeals for a review of the department order. In December of 1961, the board reversed the order, and directed the department to reclassify the claimant's injury as a permanent *total* disability and to place the claimant on the pension rolls retroactively, effective as of September 10, 1960.

Pursuant to the board's decision, the department issued an order in February of 1962, reclassifying the claimant as permanently and totally disabled, and placed him on the pension rolls. In addition, the department ordered that the previously paid permanent partial disability award of $3,000, which the claimant had retained to this time, be charged against the pension reserve, and his monthly pension payments reduced accordingly. As a result of this department order, the claimant's monthly pension payments were reduced from $125 to $107.80. Aggrieved by this reduction, the claimant again appealed to the Board of Industrial Insurance Appeals. There, the agency order was affirmed. The board's ruling was in turn affirmed by the Superior Court for Pierce County. From the superior court judgment, appeal is made to us.

The basis of the claimant's appeal is the language of RCW 51.32.070 which, the claimant contends, supersedes a proviso in RCW 51.32.080(2), upon which the respondent, the Department of Labor and Industries, relies to justify

the pension reduction. RCW 51.32.070, as amended in 1961, bears the statutory title "Additional payments for prior pensioners." It provided, in part:

> *Notwithstanding any other provision of law,* every . . . permanently totally disabled workman receiving a pension under this title shall, after . . . [July 1, 1961], be paid *one hundred twenty-five dollars per month* . . . .
>
> The legislature shall make biennial appropriations to carry out the purposes of this section. (Italics ours.)

It is contended that the above quoted statute is in conflict with a portion of RCW 51.32.080. Subsection (1) of 080 is a schedule of dollar valuations placed upon the loss of various parts of the human body, for purposes of compensation under workmen's compensation laws. Subsection (2) contains the following proviso:

> *Provided further,* That in case permanent partial disability compensation is followed by permanent total disability compensation, any portion of the permanent partial disability compensation which exceeds the amount that would have been paid the injured workman if permanent total disability compensation had been paid in the first instance, *shall be deducted from the pension reserve of such injured workman and his monthly compensation payments shall be reduced accordingly.* (Italics ours.) RCW 51.32.080 (2).

It is the claimant's contention that the words "Notwithstanding any other provision of law" in RCW 51.32.070 preclude the department's reducing his monthly pension payments to an amount less than the sum of $125, even though the legislature has specifically provided for such reduction in the quoted portion of RCW 51.32.080 (2). The claimant concedes that the department properly deducted the previously paid $3,000 award from the pension reserve. But the reserve thus reduced, he argues, should have been reimbursed in the same amount by adding to it the sum of $3,000 from the general fund. We cannot agree that the foregoing was the legislature's intention. It is one thing to say that the legislature expressly provided that certain pensioners should receive a minimum pension of

$125 per month; it is entirely another to attribute to the legislature an intention which would allow the pensioner to receive a monthly pension of $125, and, at the same time, allow him to benefit by a $3,000 award erroneously made to him, which he retained and converted to his own use. We shall not so construe the statute. That the legislature attempted to prevent such a double recovery in a similar situation, is manifested by a provision in RCW 51.32.070 itself, which states:

> In cases where money has been or shall be advanced to any such person from the pension reserve, the additional amount to be paid to him or her under this section shall be reduced by the amount of monthly pension which was or is predicated upon such advanced portion of the pension reserve.

We adopt the language of the astute trial judge, who, in affirming the board's order, said:

> The plaintiff secured an award for a permanent partial disability and was paid $3,000 in settlement. He appealed from this award claiming that the award was erroneous. He was successful. He established that the award was paid erroneously. He now wishes to retain the benefits of the payment which he successfully demonstrated was not proper and yet received the full benefit of the statute fixing the amount of the monthly payment. Under these circumstances, if the statute is ambiguous, certainly it appears to me that the ambiguity should be so resolved as to prevent such an incongruous result.

Moreover, we are of the opinion that the statutes are not ambiguous, for the reason that the delimiting language in RCW 51.32.070 was not intended to cover the situation presented in this case. The obvious intention of the legislature in its enactment of this statute was to increase the pensions of persons whose pensions were based on earlier statutory schedules providing them with monthly pensions of less than $125. As the claimant himself states in his brief:

> This [RCW 51.32.070] was simply a recognition by the Legislature of the inadequacies of the pensions provided by the Legislature in previous enactments in view of the rising cost of living and subsequent increases in the pension schedule.

The Department of Labor and Industries properly deducted from the claimant's pension reserve the $3,000 sum which he had erroneously received, and which he had wrongfully retained after establishing the error in its payment.

Judgment affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.