[No. 41046.  En Banc.  November 25, 1970.]

JANE NELSON DEAL, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*\*

*The Attorney General* and *Gosta E. Dagg, Assistant,* for appellant.

*Campbell & Johnston,* by *D. Wayne Campbell,* for respondent.

FINLEY, J.—Robert Deal was fatally injured in an industrial accident on November 16, 1965. He was survived by his widow and two minor children. Jane Deal, the widow and respondent here, filed her claim with the Washington State Department of Labor and Industries for a widow's pension pursuant to RCW 51.32.050 (2). This claim was denied by the department on the ground that Jane Deal had never been legally married to the decedent. In light of this fact, however, the department concluded that the decedent's two minor children were "orphans" for the purposes of RCW 51.32.050 (3); and, pursuant to that section, it commenced monthly payments to the children in the amount of $140. Mrs. Deal appealed the department's denial of her widow's pension to the state Board of Industrial Insurance Appeals, which upheld the department's determinations. She then appealed to the Franklin County Superior Court, which found that she was, in fact, legally mar-

*Reported in 477 P.2d 175.

ried to the deceased workman. Accordingly, that court reversed the board's order, and a new order was entered by the Department of Labor and Industries, placing Mrs. Deal on the pension rolls as the widow of Robert Deal. The new order entitled Mrs. Deal to a pension of $140 per month, effective back to the date of her husband's death.

Shortly thereafter, the Department of Labor and Industries entered an additional order, holding that—since Mrs. Deal had been declared to be the decedent's legal widow—the children were *not* "orphans" within the meaning of RCW 51.32.050(3); and, consequently, they had been overpaid in the amount of $2,160. Under the provisions of RCW 51.32.050(2), the first two children of a decedent who is survived by a widow are entitled to receive only $68 per month, rather than $140 per month if they are orphans. The department's order further directed that no future pension payments be made on behalf of the children until the alleged overpayment was "amortized" at the rate of $68 per month. Mrs. Deal appealed this latest order to the Board of Industrial Insurance Appeals, which again upheld the department. She then appealed to the Franklin County Superior Court, which ordered that the two children be "restored forthwith their pension payments at the rates prescribed in RCW 51.32.050(2)," and that all moneys which had been withheld from the children be repaid. The department appeals from this ruling.

■   The issue presented in this case is, thus, whether the Department of Labor and Industries may recoup benefits paid a recipient under a mistake of fact, not induced by fraud or the result of a clerical error, from future payments to which the recipient is entitled. Appellant vigorously argues that if the department is not allowed to recoup in this case the decedent's two minor children will have received an overpayment of state funds to which they were not legally entitled. The argument is appealing, and we are certainly not unsympathetic. But, the instant case is governed by *State ex rel. Dunbar v. Olson*, 172 Wash. 424, 426, 20 P.2d 850 (1933). Therein, we held that

We do not find in our workmen's compensation law

any provision for a reexamination of an award looking to recovery of any of the portion thereof from an injured workman, which has been awarded and paid to him by the department.

In *Dunbar,* an injured workman received a disability award for the total loss of sight in one eye. It was subsequently discovered that his visual loss was only 50 per cent. The department brought an action in superior court, seeking to recover the alleged unwarranted excess award from the workman. The decision denying the department's right to recover stated

> The state's claim of recovery . . . is rested upon the excessive award and payment made under *mistake of fact on the part of the department* as to [the workman's] "loss of sight of one eye." There is no allegation of fraud practiced on the part of [the workman] in the least degree inducing the department to erroneously award to him the statutory lump sum of $1,080 for the "loss of sight of one eye." *Nor is there any allegation that the department did not have ample means at hand to properly determine that question before it made that award.*

(Italics ours.) *Dunbar,* 172 Wash. at 427.

We think the instant case falls within the reasoning of, and the principle expressed in *Dunbar.* Certainly the department, operating under a mistake of fact attributable to itself, wrongfully determined that Mrs. Deal had not been legally married to the decedent. Also, as in *Dunbar,* there is no allegation that the department did not have ample means to determine the question of Mrs. Deal's status *before* it denied her a widow's pension and classified her two minor children as "orphans."

Appellant argues that *Dunbar* is distinguishable from the instant case on the grounds that in *Dunbar* the department was the moving party in seeking to set aside the original payment, whereas in the instant case the recipient was the moving party. We think this distinction is without merit. *Dunbar* clearly stands for the proposition that, absent affirmative action—*i.e.,* enactment by the state legislature—the department may not recoup an award made under our

workmen's compensation statute paid through a mistake of fact occasioned by the department. The identity of the party attacking the original award is immaterial.

Appellant further argues that, notwithstanding the precedent established as long ago as 1933 by the *Dunbar* case, this court has allowed setoff as a method of recoupment in at least four instances involving industrial insurance: *Trayle v. Department of Labor & Indus.,* 70 Wn.2d 141, 422 P.2d 520 (1967); *Southern v. Department of Labor & Indus.,* 39 Wn.2d 475, 236 P.2d 548 (1951); *Sorenson v. Department of Labor & Indus.,* 12 Wn.2d 355, 121 P.2d 978 (1942); and *Booth v. Department of Labor & Indus.,* 189 Wash. 201, 64 P.2d 505 (1937). Upon examination, however, these cases do not support appellant's argument. The setoff allowed the department in *Trayle* resulted from this court's construction of RCW 51.32.070, as amended, in light of RCW 51.32.080, and is clearly distinguishable from the instant case. *Southern, Sorenson* and *Booth* are likewise inapplicable. These three cases involve instances wherein the department had initially made lump sum payments to recipients later determined to be void because such settlements were *less* than that which the recipient was legally entitled to receive. The recipients were *underpaid* rather than overpaid. These three cases merely hold that, in paying the recipient the additional amount to which he is entitled, the department need pay the recipient only that dollar award prescribed by statute. Thus, the department may apply the initial lump sum payment against the *increased* award.

We think any problem of overpayment, if it exists, is legislative rather than for judicial evaluation and change. We thus reaffirm the principle expressed in *Dunbar* that, absent express statutory prescription, moneys paid a recipient under our industrial insurance statute by virtue of a mistake of fact, not induced by fraud or the result of a clerical error, may *not* be recouped from future payments to which the recipient is entitled.

For 36 years following *Dunbar,* the legislature has acceded to that decision without any affirmative action estab-

lishing a procedure for recouping overpayment of benefits such as are involved in this case. Despite the appellant-department's emotionally engaging—dollars and cents—argument to the contrary, we think there is some practicable justification for the legislature's adherence to *Dunbar.* Superficially, none would disagree that state funds which are disbursed without ultimately proper legal "justification" should be recovered. However, very real practicalities are presented in cases of this nature. If the industrial insurance recipient must live in the fear that he may be required to repay, at some indeterminate date, that money which he has already in good faith accepted, a fundamental purpose of the act—to provide "sure and certain relief for workmen, . . . their families and dependents"—would be emasculated.

Further, treated as a family unit, the decedent's surviving spouse and two children receive, at best, a bare subsistence from their monthly industrial insurance allotment of $208. It is reasonable to assume in this case, and in most such cases, that moneys previously paid to recipients have already been spent upon their minimal necessities. To allow recoupment in the instant case would be to reduce the family unit's already meager monthly allotment by $68 for some 33 months—the period required to recover the alleged overpayment of $2,160. The effect of such a reduction upon the family unit would at the least be painful, and at worst would be totally disruptive of the family's capacity to maintain itself on a reasonable subsistence basis.

Finally, appellant warns that if this court does not allow recoupment the Department of Labor and Industries may be forced to refuse payment to all children similarly situated. Appellant argues that, by strictly applying the definition of "child" contained in RCW 51.08.030, the department would be justified in denying relief to such children pending a determination of their parents' marital status. While this issue is not now presented for our determination, we note in passing that such a contention is contrary to the expressed legislative policy favoring liberal construction of our workmen's compensation act where questions of law

542

are involved. *See Hastings v. Department of Labor & Indus.*, 24 Wn.2d 1, 163 P.2d 142 (1945); *Nelson v. Department of Labor & Indus.*, 9 Wn.2d 621, 115 P.2d 1014 (1941).

For the reasons stated, we adhere to the principles expressed in *Dunbar*. The judgment of the trial court is affirmed.

HUNTER, C. J., ROSELLINI, HAMILTON, HALE, McGOVERN, and STAFFORD, JJ., concur.

NEILL, J. (concurring)—I concur in the result as I believe *State ex rel. Dunbar v. Olson*, 172 Wash 424, 20 P.2d 850 (1933) is controlling.

DONWORTH, J. Pro Tem., concurs with NEILL, J.