[No. 13542-0-III. Division Three. July 20, 1995.]

MARSHALL A. STUCKEY, *Appellant*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

WILLADEAN ROBERTS, *Appellant*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

[17]*Noakes*, 77 Wn. App. at 699.

626

*Calbom & Schwab* by *George Joseph Schwab II*, for appellants.

*Michael K. Davis-Hall, Assistant Attorney General*, for respondent.

MUNSON, J. — In these consolidated cases, claimants Marshall Stuckey and Willadean Roberts appeal the trial court's decision affirming the Department of Labor and Industries' method of recouping previous partial disability lump sum payments[1] after claimants successfully appealed to the Board of Industrial Insurance Appeals and were awarded total permanent disability pensions. The Department cross-appeals, contending the court erred in determining social security payments to Mr. Stuckey's wife should not have been included in the amount of federal benefits used to reduce his state disability payments under RCW 51.32.220. We affirm as to the recoupment issue and reverse on the federal benefits issue.

## THE CLAIMANTS' APPEAL

The claimants contend the applicable statute is RCW 51.32.080(4)[2] which provides in part:

> If permanent partial disability compensation is followed by permanent total disability compensation, any portion of the permanent partial disability compensation which exceeds the amount that would have been paid the injured worker if permanent total disability compensation had been paid in the first instance, *shall be deducted from the pension reserve of* such injured worker and his or her monthly compensation payments shall be reduced accordingly.

(Emphasis added.) The Department contends RCW 51.32.240(3) controls and reads in part:

> Whenever any payment of benefits under this title has been made pursuant to an adjudication by the department . . . and timely appeal therefrom has been made where the final decision is that any such payment was made pursuant to an erroneous adjudication, the recipient thereof shall repay

---

[1]Compensation for permanent partial disbility caused by a work-related injury consists of a lump sum payment of an amount determined according to a schedule set forth in RCW 51.32.080; compensation for permanent total disability resulting from a work-related injury is made in the form of a monthly pension in an amount determined according to RCW 51.32.060. *Department of Labor & Indus. v. Auman*, 110 Wn.2d 917, 919, 756 P.2d 1311 (1988).

[2]Formerly RCW 51.32.080(2).

it and *recoupment may be made from any future payments due to the recipient* on any claim with the state fund or self-insurer, as the case may be.

(Emphasis added.)

The issue was decided in the trial court on these stipulated facts: Ms. Roberts was injured in the course of employment in 1978. She received time-loss compensation for temporary disability through May 22, 1989. The Department closed her claim on August 13, 1990, and awarded a lump sum payment of $6,966.82 for permanent partial disability. She appealed and the Board reversed, ordering payment of time-loss compensation from May 22, 1989 through August 13, 1990, which totaled $9,251.10, and total permanent disability pension payments beginning August 13, 1990. The Department deducted the $6,966.82 permanent partial disability payment from the $9,251.10 due for retroactive time-loss payments. Ms. Roberts appealed the deduction to the Board, which reversed, ordering the Department to deduct the amount of the permanent partial disability award from her pension reserve as provided in RCW 51.32.080(4).

Mr. Stuckey was injured in the course of his employment in 1984. The Department paid him time-loss compensation through July 15, 1987, followed by an award of $3,600 lump sum for permanent partial disability on January 21, 1988. He appealed the partial disability determination to the Board, which reversed and ordered the Department to pay him retroactive time-loss compensation for July 16, 1987 through January 20, 1988, and permanent total disability payments beginning January 21, 1988.

The Department paid Mr. Stuckey $4,813.33, the amount of retroactive time-loss compensation to which he was entitled, less the $3,600 previous partial disability award. Mr. Stuckey appealed and the Board reversed, ordering the Department to deduct the amount of the partial disability award from his pension reserve as provided in RCW 51.32.080(4).

The Department appealed both cases to the Superior Court where the two matters were consolidated. The Superior Court concluded when a permanent partial disability award is reversed on appeal and the worker is determined to be totally permanently disabled, RCW 51.32.080(4) is inapplicable and the amount of the partial disability award is to be recouped from future payments including an offset against any retroactive time-loss payments as provided in RCW 51.32.240(3). Both claimants have appealed this decision.

■ Mr. Stuckey and Ms. Roberts contend the court erred in deciding the Department was entitled to withhold the amount of their partial disability payments from their retroactive time-loss payments pursuant to RCW 51.32.240(3) rather than deducting that amount from their permanent disability pension reserve under RCW 51.32.080(4). Which of these two statutes is to be applied when a partial disability payment is reversed on appeal and a total disability pension is awarded has not been previously addressed. In determining which statute is applicable, we construe them to effect the legislative intent and to avoid unjust or absurd consequences. *Department of Labor & Indus. v. Auman*, 110 Wn.2d 917, 921, 756 P.2d 1311 (1988).

The workers' compensation statutes provide for different compensation depending on whether a worker is partially or totally disabled:

> A worker who becomes permanently partially disabled as a result of a work related injury is entitled to a lump sum payment for the disability according to the schedule set forth in RCW 51.32.080. A worker who becomes permanently totally disabled as the result of a work related injury is entitled to a monthly pension, the amount of which is determined according to RCW 51.32.060.

*Auman*, 110 Wn.2d at 919. The statutes contain a provision which prevents a worker who receives a lump sum for a partially disabling work related injury and later becomes totally disabled from receiving greater compensa-

tion than a worker whose first work related injury results in total disability:

> If a worker is permanently partially disabled and received a lump sum award for that injury, then later becomes permanently totally disabled, the monthly disability pension to which that worker is entitled as compensation for the total disability will be reduced to reflect the lump sum payment already received for the permanent partial disability. RCW 51.32.080(2).[3]

*Auman*, 110 Wn.2d at 919.

██ RCW 51.32.080(4) is predicated on the passage of some period of time between the date on which the worker becomes entitled to the lump sum payment for partial disability and the date on which the worker is later entitled to receive total disability pension payments. Thus, there is no lump sum payment due. It is deducted from the pension reserve and reduces the monthly payment without unduly causing the claimant financial hardship.

██ When a worker successfully appeals a partial disability award and the Department is ordered to pay compensation based on total disability, there is no period of time between the date the worker was entitled to the lump sum payment and the date of entitlement to total disability payments. In such cases, although a period of time may elapse between the actual payment of partial disability compensation and the payment of total disability compensation, the date of the partial disability entitlement becomes the same as the date of total disability entitlement. The repayment provisions of RCW 51.32.080(4) are predicated on circumstances which do not arise when a worker successfully appeals a partial disability award. Thus, those provisions are inapplicable.[4]

RCW 51.32.240(3) applies whenever a payment of

---

[3]RCW 51.32.080 was rewritten in 1993. Laws of 1993, ch. 520, § 1. Relevant language formerly included in RCW 51.32.080(2) now appears in RCW 51.32.080(4).

[4]*Trayle v. Department of Labor & Indus.* , 70 Wn.2d 141, 422 P.2d 520 (1967) assumed, without deciding, that RCW 51.32.080(4) applied to the repayment of

benefits is found on appeal to have been made "pursuant to an erroneous adjudication . . .".

Beginning with *State ex rel. Dunbar v. Olson*, 172 Wash. 424, 20 P.2d 850 (1933), the court held where a claimant received payments later determined to be greater than the amount to which the claimant was entitled, the department is not entitled to recover the overpayment absent fraud on the part of the claimant. *Deal v. Department of Labor & Indus.*, 78 Wn.2d 537, 477 P.2d 175 (1970). Shortly after the *Deal* decision, the Legislature enacted RCW 51.32.240, which provides for the recovery of overpayments under a broad range of circumstances, and authorizes recoupment from "any future payments". Laws of 1975, 1st Ex. Sess., ch. 224, § 13.

RCW 51.32.240 is designed to ensure that the Department will be able to recover all payments to which it is entitled by reason of mistake, change of circumstances, fraud, or otherwise. RCW 51.32.240(3) expressly applies to payments which are found erroneous on appeal. Mr. Stuckey and Ms. Roberts appealed their awards of partial disability benefits, and the awards were found to be erroneous. Thus, their situation falls within the language of RCW 51.32.240(3).

The courts have construed RCW 51.32 to avoid the unjust or unnecessarily harsh result of requiring recoupment which would have the effect of depriving a worker of reasonable income. *See Deal*, 78 Wn.2d at 541. Similarly, RCW 51.32.220, which requires a worker to repay compensation which duplicates federal disability benefits, limits the recovery from future state benefits one-quarter or one-sixth of the monthly amount due; RCW 51.32.080, .120, and .130 all require recovery of lump sum payments over the life of the worker by deducting the amount due from the worker's pension reserve; and RCW 51.32.220 and .240 contain provisions giving the director discretion to waive all or part of the recovery. *See* WAC 296-14-200. Thus, the

partial disability compensation reversed on appeal. The issue has never before been directly raised on review.

statutory scheme reflects the Legislature's intent to avoid unduly burdening a claimant who must make repayment. While RCW 51.32.240 permits recovery from any future payments, in determining the manner, amount and rate of recoupment, the Department should avoid measures which would be unduly harsh or burdensome. We affirm the Superior Court.

## THE DEPARTMENT'S CROSS-APPEAL

The sole issue presented by the Department's cross-appeal is whether the Department should include Mr. Stuckey's wife's social security benefits as "benefits payable under the federal old-age, survivors and disability insurance act" in calculating the reduction required by RCW 51.32.220(1):

> For persons under the age of sixty-five receiving compensation for temporary or permanent total disability pursuant to the provisions of chapter 51.32 RCW, such compensation shall be reduced by an amount equal to the benefits payable under the federal old-age, survivors and disability insurance act . . ..

■ Mr. Stuckey's monthly workers' compensation payment for permanent total disability would be $897. Mr. Stuckey and his wife are entitled to combined social security benefits of $988. Under RCW 51.32.220, permanent total disability payments are reduced by an amount equal to benefits payable under federal social security.

The Department accordingly determined Mr. Stuckey was not entitled to any payment for his permanent total disability. Mr. Stuckey appealed the inclusion of his wife's social security benefit in determining the amount by which his permanent total disability benefit should be reduced, and the Board affirmed. Mr. Stuckey appealed this decision to Superior Court. The court determined social security payments to Mr. Stuckey's wife could not be offset against his labor and industries benefits. The Department cross-appeals this decision.

The Department contends RCW 51.32.220 provides

federal benefits paid to Mr. Stuckey's wife must be included in the total federal benefits amount by which Mr. Stuckey's state industrial insurance compensation is reduced. The statutory scheme was explained in *Herzog v. Department of Labor & Indus.*, 40 Wn. App. 20, 21-22, 696 P.2d 1247 (1985):

> Some recipients of workers' compensation disability payments are also entitled to social security payments. When this is so, federal law prohibits the combined benefits from exceeding 80 percent of the recipient's average current earnings at the time the disability was suffered. Combined benefits exceeding this level must be reduced. Federal law permits a state to take full advantage of this by permitting the reduction to be taken entirely from the state benefits. Washington has accepted this largess by the enactment of RCW 51.32.220.

(Footnotes omitted.)

The relevant provision of RCW 51.32.220 is:

> (1) For persons under the age of sixty-five receiving compensation for temporary or permanent total disability pursuant to the provisions of chapter 51.32 RCW, such compensation shall be reduced by an amount equal to the benefits payable under the federal old-age, survivors and disability insurance act as now or hereafter amended not to exceed the amount of the reduction established pursuant to 42 USC 424a.

The federal statute which governs reduction of the individual's disability benefits, 42 U.S.C. § 424a, provides, in part, that:

> (a) . . . the total of his benefits under section 223 for such month *and of any benefits under section 202 for such month based on his wages* and self-employment income shall be reduced (but not below zero) by the amount by which the sum of—
>
> (3) such total of benefits under sections 223 and 202 for such month, and
>
> (4) such periodic benefits payable (and actually paid) for such month to such individual under such [workmens' compensation] laws or plans, exceeds the higher of—

(5) 80 per centum of his "average current earnings", or

(6) the total of such individual's disability insurance benefits under section 223 . . . .

(Emphasis added.)

■ The total benefits referred to in 42 U.S.C. § 424a(a) include "not only those paid to the employee or insured individual, but also those paid to the spouse and dependent children of that insured individual . . .". *Modern Plating Co. v. Whitton*, 394 So. 2d 515, 516 (Fla. Dist. Ct. App.), *review denied*, 402 So. 2d 614 (1981); *see* 1 Harvey L. McCormick, *Social Security Claims and Procedures* § 403, at 334-35 (4th ed. 1991). Florida had amended its statute to expressly include benefits paid to the spouse and dependents of an injured worker, but *Modern Plating* held the federal offset provisions require this inclusion regardless of state law. Thus, although RCW 51.32.220 does not expressly require inclusion of federal benefits paid to a spouse, we adhere to the rationale of *Modern Plating*.

Federal regulations implementing 42 U.S.C. § 424a discuss the total federal benefits used in the offset computation in terms of disability benefits payable to the individual "(and any monthly benefit for the same month payable to others . . . on the basis of the same earnings record)". 20 C.F.R. § 404.408(a) (1994). The regulations provide examples of reductions when the total benefits include benefits other than the individual's disability benefit, such as benefits to the wife and/or children of the individual. 20 C.F.R. § 404.408(h) and (i) (1994) set forth examples in instances where a state has not taken advantage of the federal "largess" and workers' compensation payments reduce the social security payments.

■ The benefits paid to Mr. Stuckey's wife are paid pursuant to 42 U.S.C. § 402(b) and are based on Mr. Stuckey's earnings. Thus, they are within the term "any benefits under section 402 of this title . . . based on his wages" and are included in the "total of benefits" which are included in making the federal offset determination pursuant to 42 U.S.C. § 424a.

 RCW 51.32.220 requires reduction of an injured worker's disability compensation by the amount of federal benefits pursuant to 42 U.S.C. § 424a. If the workers' compensation benefits to Mr. Stuckey are not reduced by the full amount of the federal benefits included under 42 U.S.C. § 424a, the Social Security Administration would be entitled to take an offset from the Stuckeys' federal benefits equal to the amount of workers' compensation benefits paid to Mr. Stuckey. *See Allan v. Department of Labor & Indus.*, 66 Wn. App. 415, 420 n.1, 832 P.2d 489 (1992). Requiring the Department to disregard federal benefits paid to Mr. Stuckey's wife would defeat the purpose of RCW 51.32.220, which is to take advantage of federal disability payments by using the entire offset to reduce state compensation payments. *See Herzog*, 40 Wn. App. at 21-22. The court erred in deciding federal benefits to Mr. Stuckey's wife should not have been included in calculating the amount of the compensation reduction required by RCW 51.32.220.[5]

Affirmed as to method of recoupment; reversed as to offset federal disability payments.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.

Review granted at 128 Wn.2d 1002 (1995).