[No. 63227-8.   En Banc.]
Argued March 6, 1996.     Decided May 16, 1996.

MARSHALL L. STUCKEY, *Petitioner*, v. THE
DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

WILLADEAN ROBERTS, *Petitioner*, v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Respondent*.

*George J. Schwab II, Jeffrey Schwab*, and *Calbom & Schwab*, for petitioners.

*Christine O. Gregoire, Attorney General*, and *Evelyn A. Fielding, Assistant*, for respondent.

JOHNSON, J. — Two issues of statutory construction involving RCW 51, the Industrial Insurance Act (Act), are presented in this case. The first issue requires us to decide the method by which the Department of Labor and Industries (Department) can recover certain workers' compensation benefits. Specifically, we must determine which section of RCW 51.32 controls .080(4) or .240(3) where a claim is ordered closed with a finding of permanent partial disability and an award of a lump sum payment, and then, on appeal, a new order changes the earlier finding to permanent total disability and orders placement on the pension rolls, effective as of the date of the first order. The second issue we are asked to decide is whether the Department may include social security benefits paid to an injured worker's spouse when calculating the social security offset to the worker's state disability pension payments, required by RCW 51.32.220.

We hold RCW 51.32.080(4) applies to all situations where permanent partial disability is followed by permanent total disability and any recoupment available to the Department must be made under that statute. We also hold the Department correctly included the injured worker's spouse's social security benefits in calculating the offset to the injured worker's state disability pension payments under RCW 51.32.220. We reverse in part, af-

firm in part, and remand for determination of the proper recoupment of the permanent partial disability awards.

## FACTS

Petitioners, Marshall Stuckey and Willadean Roberts, were both injured in the course of their employment and received benefits under the Act. In each of their cases, the Board of Industrial Insurance Appeals (Board) reversed an order by the Department. The Department sought review of those decisions in the superior court. These two separate appeals were consolidated by the superior court. Although they present a common question for review in this court, we discuss their factual and procedural histories separately.

### Ms. Roberts

Ms. Roberts was injured in 1978. She received time-loss compensation for temporary disability through May 22, 1989. Finding her condition had become fixed and stable, the Department closed her claim on August 12, 1990 and awarded a lump sum payment of $6,900 for permanent partial disability. Ms. Roberts received no compensation for the 15 months after time-loss compensation was terminated and before the permanent partial disability award was issued.

She appealed to the Board, arguing she had a permanent total disability rather than a permanent partial disability. The Board agreed and ordered Ms. Roberts placed on the permanent total disability pension rolls as of August 13, 1990. The Board also ordered retroactive time-loss compensation for the previously uncompensated 15-month period.

Following the Board's order, the Department awarded Ms. Roberts $9,251.10 for retroactive time-loss compensation, minus $6,966.82 for the permanent partial disability award. The Department relied on RCW 51.32.240(3) in

making this deduction. Ms. Roberts appealed the deduction to the Board, which reversed, ordering the Department to deduct the amount of the permanent partial disability award from her pension reserve as provided in RCW 51.32.080(4)[1].

## Mr. Stuckey

Mr. Stuckey was injured in 1984. The Department paid him time-loss compensation through July 15, 1987. Mr. Stuckey was without compensation for six months before the Department awarded a lump sum payment of $3,600 for permanent partial disability on January 21, 1988. He appealed the partial disability determination to the Board, which reversed, finding Mr. Stuckey had a permanent total disability. The Board ordered Mr. Stuckey placed on the pension rolls as of January 21, 1988 and ordered the Department to pay him retroactive time-loss compensation for the previously uncompensated six-month period.

The Department paid Mr. Stuckey $4,813.33, the amount of retroactive time-loss compensation to which he was entitled, less $3,600 for the permanent partial disability award, again relying on RCW 51.32.240(3). Mr. Stuckey appealed and the Board reversed, ordering the Department to deduct the amount of the partial disability award from his pension reserve "to the extent, if any, that it exceeds the amount of permanent total disability compensation had it been paid in the first instance" (i.e., January 21, 1988), as provided in RCW 51.32.080(4). *In re Stuckey*, Bd. of Indus. Ins. Appeals Dec. 89 5977, 90 2638 at 6 (1991); Clerk's Papers (Stuckey) at 6.

On November 15, 1989, the Department ordered Mr. Stuckey's permanent total disability compensation offset to account for his receipt of social security disability

---

[1]RCW 51.32.080 was amended in 1993. Laws of 1993, ch. 520, § 1. As a result of the amendment, the language at issue in this case, formerly found at RCW 51.32.080(2), was renumbered and is now found at RCW 51.32.080(4). The language at issue was not amended.

benefits. Such offset is required by RCW 51.32.220. In calculating the offset, the Department included benefits payable to Mr. Stuckey and benefits payable to his wife, based on his primary insurance amount. The Department found Mr. Stuckey's new permanent total disability compensation rate to be $0.00 based on Mr. and Mrs. Stuckey's combined monthly social security benefits of $988 and the monthly state permanent total disability compensation rate of $827.05.

Mr. Stuckey appealed the Department's decision on the offset to the Board, arguing RCW 51.32.220 does not provide for offsetting disability payments based on a spouse's social security benefits. This appeal was consolidated with Mr. Stuckey's first appeal on the recoupment issue. The Board affirmed the Department's inclusion of Mrs. Stuckey's social security benefits in calculating the offset.

The Department appealed the Board's decision on the recoupment issue in both Ms. Roberts' and Mr. Stuckey's cases to the superior court, where the two cases were consolidated. Mr. Stuckey also appealed the Board's decision affirming the Department's inclusion of his wife's social security benefits in calculating the offset. The Petitioners and the Department filed cross motions for summary judgment on the recoupment issue; Mr. Stuckey filed a motion for summary judgment on the offset issue.

The superior court granted the Department's summary judgment motion on the recoupment issue (denying Petitioners' motion), as well as granting Mr. Stuckey's summary judgment motion on the offset issue. First, the court concluded when a permanent partial disability award is reversed on appeal and the worker is determined to have a permanent total disability RCW 51.32.080(4) is inapplicable, and the amount of the permanent partial disability award is to be recouped from future payments, including an offset against any retroactive time-loss payments as provided in RCW 51.32.240(3). On Mr. Stuckey's offset issue, the superior court reversed the Board, finding

Mr. Stuckey's wife's social security benefits could not be used to offset his permanent total disability pension payments.

Petitioners appealed on the recoupment issue, and the State cross-appealed on the offset issue. *Stuckey v. Department of Labor & Indus.*, 78 Wn. App. 625, 897 P.2d 1289 (1995). As to the recoupment issue, the Court of Appeals affirmed the superior court's decision, holding RCW 51.32.080(4) was inapplicable in situations where the permanent partial disability determination is reversed on appeal. *Stuckey*, 78 Wn. App. at 632. On the offset issue, the Court of Appeals reversed the trial court, holding RCW 51.32.220 requires the Department to offset all social security benefits that are paid out based on a claimant's primary insurance amount. *Stuckey*, 78 Wn. App. at 637. Because Mrs. Stuckey's "wife's benefits" were based on Mr. Stuckey's primary insurance amount, the Court of Appeals held the Department properly included the amount of those social security benefits in offsetting Mr. Stuckey's permanent total disability pension payments. *Stuckey*, 78 Wn. App. at 636-37.

Mr. Stuckey and Ms. Roberts petitioned for review of the Court of Appeals decision regarding the applicability of RCW 51.32.080(4) (recoupment issue), and the scope of RCW 51.32.220 (offset issue). We granted review on both issues.

## ANALYSIS

### Standard of Review

█ The two issues in this case require construction of provisions contained within RCW 51.32. The construction of a statute is a question of law that we review de novo on appeal. *Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 627, 869 P.2d 1034 (1994); *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 443, 842 P.2d 956 (1993).

### Recoupment Issue

We first note that Petitioners do not challenge the

Department's authority to recoup the permanent partial disability awards (either in full or in part). Recovery is required to ensure that injured workers who first receive permanent partial disability awards and later receive total disability pensions do not receive greater benefits than workers who endure permanent total disabilities in the first instance. The issue, rather, concerns the appropriate method of recoupment.

The Department argues RCW 51.32.240(3) provides the appropriate method to recoup lump sum permanent partial disability awards after such order is changed, on appeal, to an order for a permanent total disability pension. RCW 51.32.240(3) provides:

> Whenever any payment of benefits under this title has been made pursuant to an adjudication by the department or by order of the board or any court and timely appeal therefrom has been made where the final decision is that any such payment was made pursuant to an erroneous adjudication, the recipient thereof shall repay it and recoupment may be made from any future payments due to the recipient on any claim with the state fund or self-insurer, as the case may be.

Petitioners, on the other hand, argue RCW 51.32.080(4) applies to factual situations like these, where a permanent partial disability determination is reversed on an appeal brought by the injured worker. RCW 51.32.080(4) reads:

> If permanent partial disability compensation is followed by permanent total disability compensation, any portion of the permanent partial disability compensation which exceeds the amount that would have been paid the injured worker if permanent total disability compensation had been paid in the first instance, shall be deducted from the pension reserve of such injured worker and his or her monthly compensation payments shall be reduced accordingly.

Historically, the Department has followed RCW 51.32.080(4) under the same circumstances as in the present cases. *See Trayle v. Department of Labor & Indus.*, 70

Wn.2d 141, 422 P.2d 520 (1967); Answer to Pet. for Review at 17. Although not directly at issue, in *Trayle* we noted with approval the application of RCW 51.32.080(4) to a factual setting identical to the one in these cases. The issue in *Trayle* was whether a permanent total disability pension could be reduced below the statutory minimum. The reduction in the injured worker's pension resulted from the Department's application of RCW 51.32.080(4). The injured worker appealed to the Board a Department order classifying him as permanently partially disabled. The Board reversed, and directed the claimant reclassified as permanently totally disabled. *Trayle*, 70 Wn.2d at 142. Following reclassification, the Department recouped the partial disability award from the claimant's pension reserve, which resulted in the monthly pension amount falling below the statutory minimum. *Trayle*, 70 Wn.2d at 142. The injured worker argued the minimum pension provision conflicted with section .080(4); therefore, section .080(4) could not be applied. This court upheld the Department's recovery of the permanent partial disability award, finding it was the Legislature's intent to prevent this type of double recovery resulting from an erroneously made permanent partial disability award, by deducting the award from the pension reserve. *Trayle*, 70 Wn.2d at 144; *see also Herzog v. Department of Labor & Indus.*, 40 Wn. App. 20, 23, 696 P.2d 1247 (1985) (in addressing proper reduction of monthly pension payment under RCW 51.32.220, court noted parties' concession that it was proper to deduct a prior lump sum permanent partial disability award from pension reserve under RCW 51.32.080(4), after claimant appealed and was adjudged to have a permanent total disability). Even though the *Trayle* court did not "directly" construe RCW 51.32.080(4), it did clearly agree with the Department's use of section .080(4) in a factual setting identical to the one in these cases.

■■ Since RCW 51.32.240(3) also appears to authorize and provide a different method to recoup the partial disability lump sum award, we look to whether the Legisla-

ture intended section .240(3) (enacted 26 years after the provision in section .080(4)) to supersede the proper and recognized application of RCW 51.32.080(4). To determine the Legislature's intent, we examine the legislative history and the plain language of the statute. *Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991).

The Act was enacted in 1911 to provide sure and certain relief for injured workers. LAWS OF 1911, ch. 74, § 1. At that time, no provision authorized the recovery of any workers' compensation benefit, already paid, for any reason. The 1949 enactment of the provision now found in section .080(4) provided the Department with its first and, at the time, only statutory authority to recover workers' compensation benefits already paid. Laws of 1949, ch. 219 at 723.

In 1975 the Legislature enacted RCW 51.32.240 in direct response to our holding in *Deal v. Department of Labor & Indus.*, 78 Wn.2d 537, 477 P.2d 175 (1970). *See* LAWS OF 1975, 1st Ex. Sess., ch. 224, § 13; House Comm. on Labor and Industries, *Commentary on Proposed Legislative Revisions of the Industrial Insurance Act Contained in H.B. 344* at 6-7 (1975). In *Deal*, the Department denied a "widow's pension" to the wife of a fatally injured worker on the grounds the marriage was never legal. *Deal*, 78 Wn.2d at 537. Based on that determination, the Department concluded the decedent's two children were orphans within the meaning of the Act and entitled to monthly orphan benefits. The widow appealed and the superior court reversed, ordering her placed on the pension rolls as of the date of her husband's death. Thereafter, the Department entered an order holding the children were not orphans and reducing the children's monthly benefits. The order also required the children's future benefits be completely withheld until the overpayment (due to the original finding they were orphans) had been fully repaid. This court reversed that order, holding that benefits paid based on mistake of fact could not be recouped from future

payments without express statutory authority. *Deal*, 78 Wn.2d at 540.

RCW 51.32.240 gave the Department additional authority to recover certain previously paid benefits—specifically, those paid because of mistake, fraud, or erroneous decisions later reversed on appeal. The fact RCW 51.32.080(4) existed and was being used by the Department at the time of the 1975 amendments suggests that the Legislature did not intend these amendments to cover situations already covered by RCW 51.32.080(4). *See In re Marriage of Little*, 96 Wn.2d 183, 189, 634 P.2d 498 (1981) (the entire sequence of all enactments should be considered in ascertaining legislative intent).

This reading of the Legislature's intent is further supported by the Department's past practice in using RCW 51.32.080(4). After the enactment of RCW 51.32.240, the Department continued to use RCW 51.32.080(4) in factual situations identical to the cases before us now. *See Herzog*, 40 Wn. App. at 23 (noting claimants' and Department's concession that it was proper to deduct a prior lump sum permanent partial disability award from pension reserve under RCW 51.32.080(4), after claimant appealed and was adjudged to have a permanent total disability). In fact, in its Answer to Petition for Review, the Department concedes that its policy, prior to the enactment of RCW 51.32.240, was to use .080(4) in this type of factual setting. Answer to Pet. for Review at 17.

While it is possible to interpret the language of RCW 51.32.240(3) in the broad manner of the Court of Appeals, the Department has failed to demonstrate the Legislature intended this provision to supersede the more specifically applicable provision in RCW 51.32.080(4). Absent a showing of that intent, we can find no valid reason to expand RCW 51.32.240(3) in a way that restricts the plain application of the historical provision in RCW 51.32.080(4).

■ We hold the plain language and legislative history of RCW 51.32.080(4) evidence the Legislature's intent that section .080(4) apply in all cases where permanent partial

disability compensation is followed by permanent total disability compensation, and that the enactment of RCW 51.32.240(3) was not intended to amend or change the application of section .080(4). We hold RCW 51.32.080(4) applies to the facts of these cases and recoupment of the lump sum partial disability award must be made under this statute.

## Offset Issue

The record in this case indicates Mr. Stuckey receives social security disability benefits under 42 U.S.C. § 423(a). Because he receives social security disability benefits, the Department is authorized by RCW 51.32.220 to offset or reduce his state disability pension payments.[2] RCW 51.32.220(1) provides:

> For persons under the age of sixty-five receiving compensation for temporary or permanent total disability . . . such compensation shall be reduced by an amount equal to the benefits payable under the federal old-age, survivors and disability insurance act . . . not to exceed the amount of the reduction established pursuant to 42 U.S.C. 424a.

(Footnote omitted.) In other words, RCW 51.32.220 allows the State to take advantage of the offset the federal government would otherwise make. *See Allan v. Department of Labor & Indus.*, 66 Wn. App. 415, 418-19, 832 P.2d 489 (1992). This reverse offset is authorized by 42 U.S.C.

---

[2]42 U.S.C. § 423(a) provides disability benefits to individuals who have not attained retirement age and are under a disability. Retirement age for Mr. Stuckey would be 65, as defined in 42 U.S.C. § 416(l). The record does not indicate Mr. Stuckey's age. Upon turning 65, Mr. Stuckey's social security disability benefits would automatically convert to retirement benefits. *See* 20 C.F.R. §§ 404.320 (1995). If Mr. Stuckey has turned 65, then the statute authorizing offset of his social security retirement benefits is RCW 51.32.225.

At oral argument, counsel for Petitioners made arguments regarding RCW 51.32.225. However, the Petition for Review did not raise the issue of the proper offset calculation under RCW 51.32.225, nor did the Court of Appeals address that statute in its opinion. RCW 51.32.225 is not properly before the court at this time and has not been fully briefed by either party. Therefore, Mr. Stuckey's arguments relating to RCW 51.32.225 will not be addressed and we do not now decide that issue.

§ 424a(d). *See* 1 Barbara Samuels, *Social Security Disability Claims: Practice and Procedure* § 9:30, at 9-32 (2d. ed. 1994) (discussing reverse offset under the social security act).

The portions of 42 U.S.C. § 424a relevant to calculating the offset read:

> If for any month prior to the month in which an individual attains the age of 65—
>
>> (1) such individual is entitled to benefits under section 423 of this title, and
>>
>> (2) such individual is entitled for such month to—
>>
>>> (A) periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan . . .
>>
>> . . .
>
> the total of his benefits under section 423 of this title for such month and of *any benefits under section 402 of this title for such month based on his wages* . . . shall be reduced . . . by the amount by which the sum of—
>
>> (3) such total of benefits under sections 423 and 402 of this title for such month . . . .

42 U.S.C. § 424a(a) (emphasis added). Thus, the federal statute authorizes a reduction in benefits in the amount equal to the claimant's total benefits under section 423 and "any benefits under section 402 of this title . . . based on his wages." 42 U.S.C. § 424a(a).

█ Mrs. Stuckey, as the "wife . . . of an individual entitled to old-age or disability insurance benefits," receives social security benefits under 42 U.S.C. § 402(b). This statute authorizes social security benefits for wives who are not entitled to benefits based on their own primary insurance amount. 42 U.S.C. § 402(b)(1)(D). The benefit received by the wife is based upon the working husband's primary insurance amount. 42 U.S.C. § 402(b)(2). Thus, Mrs. Stuckey's social security benefits fit within the

definition, "any benefits under section 402 of this title . . . based on his wages" from 42 U.S.C. § 424a(a). This is true regardless of whether Mr. Stuckey is receiving disability or retirement benefits. Therefore, the Department correctly included Mrs. Stuckey's social security benefits in calculating the reduction in Mr. Stuckey's state disability benefits under RCW 51.32.220. *See also Kliebert v. Arceneaux Air Conditioning, Inc.*, 439 So. 2d 486 (La. App. 1983) (holding 42 U.S.C.§ 424a requires inclusion of benefits under section 402 payable to the wife and child); *Modern Plating Co. v. Whitton*, 394 So. 2d 515 (Fla. Dist. Ct. App.), *review denied*, 402 So. 2d 614 (Fla. 1981) (holding state was entitled to offset, including social security benefits paid to claimant's dependents, because the reciprocal federal statute (42 U.S.C. § 424a(a) required it); Samuels, *supra*, § 9:29, at 9-30 (total social security benefits include claimant's disability benefits plus any auxiliary benefits payable on the same account).

Because Mrs. Stuckey receives social security benefits pursuant to 42 U.S.C. § 402, the Department properly included the amount of those benefits in calculating the offset to Mr. Stuckey's state permanent total disability pension benefits under RCW 51.32.220.

## CONCLUSION

We hold RCW 51.32.080(4) applies to all situations where permanent partial disability compensation is followed by permanent total disability compensation, regardless of the reason for the change in compensation. We also hold that in calculating the social security disability benefit offset under RCW 51.32.220, the Department is required to include all of the benefits paid under the social security act based on the worker's primary insurance amount. We reverse in part, affirm inpart, and remand for determination of the proper recoupment of the permanent partial disability awards at issue under RCW 51.32.080(4).

DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.