[No. 6774–9–II.   Division Two.   March 6, 1985.]

MELVIN J. HERZOG, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*David B. Vail,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Robert G. Swenson, Assistant,* for respondent.

WORSWICK, C.J.—Some recipients of workers' compensation disability payments are also entitled to social security payments. When this is so, federal law prohibits the combined benefits from exceeding 80 percent of the recipient's average current earnings at the time the disability was suffered. Combined benefits exceeding this level must be reduced.[1] Federal law permits a state to take full advan-

---

[1] 42 U.S.C. § 424a provides in pertinent part:

"(a) Conditions for reduction; computation

"If for any month prior to the month in which an individual attains the age of 65—

tage of this by permitting the reduction to be taken entirely from the state benefits.[2] Washington has accepted this largess by the enactment of RCW 51.32.220.[3]

The dispute in this case is about how this reduction should be made where the recipient first receives a lump

---

"(1) such individual is entitled to benefits under section 423 of this title, and

"(2) such individual is entitled for such month to periodic benefits on account of such individual's total or partial disability (whether or not permanent) under—

"(A) a workmen's compensation law or plan of the United States or a State, or

"(B) any other law or plan of the United States, a State, a political subdivision (as that term is used in section 418(b)(2) of this title), or an instrumentality of two or more States (as that term is used in section 418(k) of this title), . . .

"the total of his benefits under section 423 of this title for such month and of any benefits under section 402 of this title for such month based on his wages and self–employment income shall be reduced (but not below zero) by the amount by which the sum of—

"(3) such total of benefits under sections 423 and 402 of this title for such month, and

"(4) such periodic benefits payable (and actually paid) for such month to such individual under such laws or plans,

"exceeds the higher of—

"(5) 80 per centum of his 'average current earnings', or

"(6) the total of such individual's disability insurance benefits under section 423 of this title for such month and of any monthly insurance benefits under section 402 of this title for such month based on his wages and self–employment income, prior to reduction under this section."

[2]Subsection (d) of 42 U.S.C. § 424a (in the version applicable to Herzog's case) provided:

"The reduction of benefits required by this section shall not be made if the workmen's compensation law or plan under which a periodic benefit is payable provides for the reduction thereof when anyone is entitled to benefits under this subchapter on the basis of the wages and self–employment income of an individual entitled to benefits under section 423 of this title."

[3]The applicable version of RCW 51.32.220 provides in relevant part:

"For persons under the age of sixty–two receiving compensation for temporary or permanent total disability pursuant to the provisions of chapter 51.32 RCW, such compensation shall be reduced by an amount equal to the benefits payable under the federal old–age, survivors and disability insurance act as now or hereafter amended not to exceed the amount of the reduction established pursuant to 42 USC 424a." Laws of 1977, ch. 323, § 19, p. 1242.

sum partial disability award, and later receives monthly payments for total disability retroactive to the date of the partial disability award. We hold that the method used in this case by the Department of Labor and Industries was correct, and that the method used by the Board of Industrial Insurance Appeals was incorrect. Accordingly, we affirm a superior court judgment reversing the Board and reinstating the Department's determination.

In July 1977, the Department found Melvin Herzog to be permanently partially disabled. It awarded and paid him $5,700. He appealed. While the appeal was pending, the Department reassumed jurisdiction, found Herzog totally disabled, and made its decision retroactive to the July 1977 date of the lump sum partial disability award. As required by RCW 51.32.080(2)[4] the $5,700 was deducted from Herzog's pension reserve.

Herzog also became eligible for social security payments. Because his combined benefits would exceed the 80 percent level, the Department calculated the necessary reduction of his state benefits as follows:

I. Determination of the reduction:

| | |
|---|---|
| Total monthly permanent disability entitlement | $602.00 |
| Add monthly Social Security entitlement | 332.90 |
| Total | 934.90 |
| Subtract 80% Average Current Earnings | 622.40 |
| Amount of reduction | 312.50 |

II. Application of reduction:

---

[4]RCW 51.32.080(2) provides in part: "[I]n case permanent partial disability compensation is followed by permanent total disability compensation, any portion of the permanent partial disability compensation which exceeds the amount that would have been paid the injured worker if permanent total disability compensation had been paid in the first instance, shall be deducted from the pension reserve of such injured worker and his or her monthly compensation payments shall be reduced accordingly."

| Total monthly permanent disability | |
|---|---|
|     entitlement | 602.00 |
| Subtract reduction | 312.50 |
| Worker's Compensation payment | |
|     after reduction and before adjustment | |
|     for $5,700 previously paid | 289.50 |

III. Adjustment for $5,700 previously paid:

| Worker's Compensation payment after | |
|---|---|
|     reduction | 289.50 |
| Less deduction of monthly amortized | |
|     value of $5,700 received | 45.03 |
| Net monthly payment due from State | $244.47 |

Herzog appealed to the Board. Although he conceded that the $5,700 was properly deducted from his pension reserve under RCW 51.32.080(2), he argued that only the amount of his monthly permanent disability entitlement should be considered in calculating and applying the reduction. Thus, he contended, the calculations should be as follows:

STEP ONE Determination of monthly worker's
    compensation benefits before reduction:

| RCW 51.32.060 total permanent | |
|---|---|
|     disability entitlement | $602.00 |
| Less amortized permanent partial | |
|     disability award | 45.03 |
| Monthly total permanent disability | |
|     payment before reduction | 556.97 |

STEP TWO Determination of reduction:

| Worker's compensation reduced pension | 556.97 |
|---|---|
| Add social security entitlement | 332.90 |
|     Total | 889.87 |
| Subtract 80% of average current earnings | 622.40 |
| Reduction | 267.47 |

STEP THREE Application of reduction:

| Worker's compensation pension | 556.97 |
|---|---|
| Subtract reduction | 267.47 |
| Monthly payment due from State | $289.50 |

While recognizing that the "result is exactly as though the Department has never paid the $5,700," the Board nevertheless adopted Herzog's calculations. It believed that the Department's determination penalized Herzog for appealing the original award. Therefore, it held that the $5,700 award was final and refused to consider it a part of his total disability benefits. The Superior Court recognized, as do we, that the Board's conclusion is flawed for two reasons. First, Herzog's partial disability award was not final, and the lump sum payment became a part of his total disability award. Second, Herzog's calculations make it appear that his monthly entitlement from the State has been reduced when in fact it has not been. Thus, his calculations result in a windfall to him, contrary to the obvious intent of the controlling statutes.

Under RCW 51.52.050, an award which is appealed is not final. After he appealed, Herzog got what he asked for from the Department: a determination that he was totally, not partially, disabled. The money he had already received became part of his total disability award. RCW 51.32.130. The monthly amortized portion of the lump sum payment was part of his monthly payment just as surely as if he received it every month in cash.

The controlling statutes must be interpreted in light of the legislative purpose. *In re Piercy,* 101 Wn.2d 490, 681 P.2d 223 (1984); *DeWeese v. Port Townsend,* 39 Wn. App. 369, 693 P.2d 726 (1984). Herzog's method of calculation frustrates that purpose. Although it only purports to take the lump sum payment into account, it does not really do so. The notion of a penalty should not have infected the Board's reasoning. When an award is final, the amount of entitlement is fixed by law. A claimant should receive no more and no less. Herzog is entitled to $289.50 per month from the State. He is getting exactly that by getting $244.47 each month and by enjoying the $5,700 payment, the monthly amortized value of which is $45.03.[5]

---

[5]Under Herzog's calculations, he would receive the same monthly payment as

The Department's approach is consistent with the requirements of the statutes. It involves no injustice to Herzog. He submitted one claim; he cannot collect two awards. *See Trayle v. Department of Labor & Indus.,* 70 Wn.2d 141, 422 P.2d 520 (1967).

Affirmed.

REED and ALEXANDER, JJ., concur.

---

a claimant who had never received a partial disability award. *E.g.*:

| Other Individual | |
|---|---:|
| Monthly Entitlement | $602.00 |
| RCW 51.32.060 | |
| Less deduction for prior PPD award | 0 |
| Monthly disability payment before reduction | 602.00 |
| Reduction | |
| Worker's Compensation | 602.00 |
| Add Social Security | 332.90 |
| Total | 934.90 |
| Subtract 80% of average current earnings | 622.40 |
| Reduction | 312.50 |
| Application of reduction | |
| Worker's Compensation | 602.00 |
| Reduction | 312.50 |
| Monthly payment from State | $289.50 |

| Herzog | |
|---|---:|
| RCW 51.32.060 Monthly entitlement | $602.00 |
| Less deduction for prior PPD award | 45.03 |
| Monthly disability payment before reduction | 556.97 |
| Reduction | |
| Worker's Compensation | 556.97 |
| Add Social Security | 332.90 |
| Total | 889.87 |
| Subtract 80% of average current earnings | 622.40 |
| Reduction | 267.47 |
| Application of reduction | |
| Worker's Compensation | 556.97 |
| Reduction | 267.47 |
| Monthly payment from State | $289.50 |