MR. JUSTICE SHEEHY,
specially concurring:
I concur with the result of this case, but I cannot concur in the deviation in application from the basic principles upon which the setoff is allowed under federal and state law.
The only reason that the total disability payments received by Watson under the workers’ compensation law of this state maybe offset to any extent by federal payments to him for his total disability is because of federal law. Since Watson has not attained age 65, and is entitled to workers’ compensation payments under state law, as well as disability payments under federal law, the combined benefits he receives under both sets of laws cannot exceed 80 percent of his “average current earnings” at the outset of his disability. 42 U.S.C. Section 424(a). The federal law further provides that the federal benefits under social security for disability will not be reduced if the state workers’ compensation law under which he also receives benefits provides for the reduction of the state benefits to meet the 80 percent maximum. 42 U.S.C. Section 424(a) (d).
How this system works was explained in Herzog v. Department of Labor and Industry (Wash. App. 1985), 696 P.2d 1247, where the court said:
“Some recipients of workers compensation disability payments, are also entitled to Social Security payments. When this is so, federal law prohibits the combined benefits from exceeding 80 percent of the recipient’s average current earnings at the time the disability was suffered. Combined benefits exceeding this level must be reduced. Federal law permits a state to take full advantage of this by permitting the reduction to be taken entirely from the state benefits
*317 Montana has taken advantage of the federal provision by enacting Section 39-71-702(4), MCA, which provides for an offset of the weekly compensation benefits by an amount equal to one-half of the federal periodic benefits for such week.
If we assume that the weekly wages that Watson was receiving at the time of his injury in 1979 was $297 (his weekly workers’ compensation benefit was $198, which should be two-thirds of his wages, Section 39-71-702 (1979)), then the following computation would be correct to apply in this case:
I. Determination of the Reduction:
Total monthly workers’ compensation payments $ 848.57
Add monthly Social Security disability benefits 372.00
Total $ 1,220.57
Subtract 80% wages at time of injury (1272.85 X 80%) -1,018.28
Amount of Reduction $ 202.29
II. Application of Reduction:
Total workers’ compensation entitlement $ 848.57
Subtract reduction -202.29
Total monthly workers’ compensation payment $ 646.28
III. Payments (monthly) after Reduction:
Social Security disability payment $ 372.00
Workers’ compensation disability payment $ 646.28
Total permissible payment $ 1,018.28
IV.Translate to weekly payments:
Workers’ compensation disability payments ($646.28 X 7) = 30 $ 150.79
Social Security disability payments ($372 X 7) = 30 86.80
TOTAL Weekly Payments $ 237.59
Unfortunately, the above would yield less money to the claimant than what he is already receiving (due to the difference between annual and monthly computations), but I submit that the foregoing is a proper application of the benefits to which he entitled taking into account federal and state law.
I would affirm the judgment.