3 P.3d 229 (2000)
101 Wash.App. 399
Annette POTTER, Respondent,
v.
DEPARTMENT OF LABOR AND INDUSTRIES, Appellant.
No. 23726-1-II.
Court of Appeals of Washington, Division 2.
July 7, 2000.
*230 Lisa Marsh, Assistant Attorney General, Olympia, for Appellant.
Carol L. Casey, Gerald Lee Casey, Casey & Casey P.S., Port Orchard, for Respondent.
SEINFELD, J.
This case involves the right of the Department of Labor and Industries (Department) to reduce its payment for past-due disability benefits by the amount of Social Security disability benefits the recipient received for the same time period. The superior court ruled that RCW 51.32.220 does not allow the Department to make this deduction retroactively. We disagree and, thus, reverse and remand.

FACTS
According to the parties' stipulation, Annette Potter sustained an industrial injury in 1987. She applied for and received workers' compensation disability benefits and the Department closed her claim in 1990.[1]
In 1992, Potter applied to reopen her claim for an aggravated condition. In 1994, the Department denied the application to reopen. Potter protested and, in September 1995, the Board of Industrial Insurance Appeals (Board) filed a proposed decision and order reversing the Department and reopening the claim effective June 3, 1992. The order instructed the Department to pay Potter "time loss compensation from 02/23/93 through 10/25/94."
On December 19, 1995, the Department received verification that Potter had been receiving social security disability benefits since August 1, 1993. That same day, the Department issued a ministerial order giving Potter notice that it would reduce her retroactive disability payments effective as of the August 1, 1993, pay period by the amount of social security disability benefits she had received during that same time period. The Department paid the compensation minus the offset on January 2, 1996.
Potter protested the December 19, 1995, order and proceeded unsuccessfully through the administrative appeal process. After the Board issued its final order in favor of the Department, she appealed to superior court. The superior court reversed the Board, reasoning that RCW 51.32.220 did not authorize the Department to make the offset because Potter was not "receiving" state disability compensation during the offset period.
The Department appeals.

*231 I. RETROACTIVE OFFSET
Potter contended and the trial court agreed that the Department is entitled to take an offset only when the worker is receiving total disability benefits on a monthly basis. According to this argument, the Department may not recover the offset it would otherwise be entitled to where, as here, the Board, not the Department, determined that the worker met the definition of "total disability" and, consequently, ordered the Department to make a retroactive lump sum payment for the past disability period.
The merit of this argument turns on the wording of RCW 51.32.220, its interaction with 42 U.S.C. § 424a (1991); and the corresponding impact of the appeals process set forth in RCW 51.52.
RCW 51.32.220, states, in pertinent part:
(1) For persons under the age of sixty-five receiving compensation for temporary or permanent total disability pursuant to the provisions of chapter 51.32 RCW, such compensation shall be reduced by an amount equal to the benefits payable under the federal old-age, survivors and disability insurance act as now or hereafter amended not to exceed the amount of the reduction established pursuant to 42 USC 424a....
(2) Any reduction under subsection (1) of this section shall be effective the month following the month in which the department or self-insurer is notified by the federal social security administration that the person is receiving disability benefits under the federal old-age, survivors and disability insurance act: PROVIDED, That in the event of an overpayment of benefits the department or self-insurer may not recover more than the overpayments for the six months immediately preceding the date the department or self-insurer notifies the worker that an overpayment has occurred: PROVIDED FURTHER, That upon determining that there has been an overpayment, the department or self-insurer shall immediately notify the person who received the overpayment that he or she shall be required to make repayment pursuant to this section and RCW 51.32.230.
(3) Recovery of any overpayment must be taken from future ... benefits provided by this title....
(4) No reduction may be made unless the worker receives notice of the reduction prior to the month in which the reduction is made.
(emphasis added).
The Legislature enacted RCW 51.32.220 to take advantage of the reverse offset provision in 42 U.S.C. § 424a(d), which addresses "the problem of overlapping state and federal disability benefits." Regnier v. Department of Labor & Indus., 110 Wash.2d 60, 62, 749 P.2d 1299 (1988); see also Laws of 1979, 1st Ex.Sess., ch. 151; Laws of 1975, 1st Ex.Sess., ch. 286, § 3. Federal law allows the federal government to reduce the amount of disability social security benefits it pays to a worker under the age of 65 who also receives state disability benefits; a worker's combined state and federal benefits may not exceed 80 percent of his or her average current earnings. 42 U.S.C. § 424a. Generally, under 42 U.S.C. § 424a, the federal government may offset the worker's monthly social security compensation by the amount of state disability benefits the worker receives that month.
Subsection (d) of 42 U.S.C. § 424a contains an exception to the general offset rule; it allows for a "reverse offset." Frazier v. Department of Labor & Indus., 101 Wash.App. 411, 416, 3 P.3d 221 (2000). A state may reduce a worker's disability compensation payments by the amount the worker receives from social security disability benefits if the state has a statute allowing for such an offset. "The purpose of 42 U.S.C. § 424a(d) is to avoid a double offset." Harris v. Department of Labor & Indus., 120 Wash.2d 461, 469, 843 P.2d 1056 (1993) (citing Sciarotta v. Bowen, 837 F.2d 135, 140 (3d Cir.1988)). "The effect of this provision is that it allows the state to shift costs to the federal government through its reverse offset program." Harris, 120 Wash.2d at 469, 843 P.2d 1056 (1993).
At issue here is the meaning of the term "receiving compensation" as set forth in RCW 51.32.220(1). The Department contends *232 that Potter received compensation when she received the January 1996 lump sum payment for retroactive amounts owing. Potter maintains that because she had not been receiving benefits from the Department on a monthly basis before she received the lump sum payment, the plain language of the statute requires the Department to forego any offset.
The court's function in interpreting statutes is to give effect to the object and intent of the Legislature. Ravsten v. Department of Labor & Indus., 108 Wash.2d 143, 150, 736 P.2d 265 (1987); Herzog v. Department of Labor & Indus., 40 Wash. App. 20, 25, 696 P.2d 1247 (1985). If the meaning of a statute is clear, we will give effect to the plain language without regard to rules of statutory construction. Allan v. Department of Labor & Indus., 66 Wash.App. 415, 418, 832 P.2d 489 (1992). We assume the Legislature "`means what it says.'" Morgan v. Johnson, 137 Wash.2d 887, 891-92, 976 P.2d 619 (1999) (quoting State v. McCraw, 127 Wash.2d 281, 288, 898 P.2d 838 (1995)). Construction of a statute is a legal question subject to de novo review. Stuckey v. Labor & Indus., 129 Wash.2d 289, 295, 916 P.2d 399 (1996).
The purpose of the statutory scheme at issue here is "to see that a disabled person is fully compensated for his disability, but not permitted to collect[ ] overlapping awards." Ravsten, 108 Wash.2d at 149, 736 P.2d 265. It is contrary to the "obvious intent of the controlling statutes" to allow a claimant to collect an award that amounts to a windfall. Herzog, 40 Wash.App. at 25, 696 P.2d 1247.
RCW 51.32.220 applies to claimants "receiving" state "temporary or permanent total disability" benefits. To receive is "to take possession or delivery of." Webster's Third New International Dictionary, 1894 (1969). "Receive" usually "implies that something comes or is allowed to come into one's presence or possession ... while one is passive." Webster's, supra, at 1894.
Generally, the Department pays disability benefits on a monthly basis. RCW 51.32.090(1). But where a dispute as to a claimant's eligibility is later resolved in the claimant's favor, the Department will make a retroactive lump sum payment of past-due monthly benefits. We see no policy or legal reason to treat a lump sum payment differently than a monthly payment. A claimant who receives a retroactive payment is "receiving" her monthly payments in one lump sum. Nothing in the plain language of RCW 51.32.220(1) prevents the Department from reducing this lump sum in the same fashion it would reduce a monthly payment by the amount of social security disability payments that the claimant received during the corresponding period.
Potter relies heavily on Harris to support her argument that she was not "receiving compensation" when the Department offset her retroactive payment. But the Harris court did not address the issue that Potter raises here.
The Harris court construed RCW 51.32.225(1), an offset provision for recipients of both social security retirement benefits and state disability benefits.[2] That statute contains an exception to the offset, which states: "This reduction shall not apply to any worker who is receiving permanent total disability benefits prior to July 1, 1986." RCW 51.32.225(1).
In Harris, the claimant received both social security retirement benefits and state temporary total disability payments prior to July 1, 1986. 120 Wash.2d at 465, 843 P.2d 1056. About six weeks after RCW 51.32.225 became effective on July 1, 1986, the Department issued an order reducing the claimant's disability payments by the amount of social security retirement benefits he had been receiving. Harris, 120 Wash.2d at 465, 843 P.2d 1056.
*233 On appeal, the claimant's widow argued for application of the offset exception, contending that there was evidence that the claimant should have been receiving permanent total disability benefits prior to July 1, 1986. Harris, 120 Wash.2d at 472, 843 P.2d 1056. The Harris court rejected that theory, stating:
On its face, the statutory exception appears unambiguous. It simply makes an exception for those who are receiving permanent disability benefits as of a certain date. To receive is to "take possession or delivery of something. Webster's Third New International Dictionary 1894 (1976). Jack Harris was not taking possession or delivery of permanent disability benefits on July 1, 1986. He was only receiving temporary total disability payments on that date. He had not even requested a determination as to whether he was permanently disabled under RCW 51.32.055(2). Essentially, the petitioner would have us read the term "receive" to mean "subsequently determined eligible to receive." This would improperly stretch the language of the statute.
120 Wash.2d at 472, 843 P.2d 1056.
Potter argues that the Department's order allowing for retroactive payments was a subsequent determination that she was eligible to receive payments and, thus, as in Harris, she did not "receive" compensation when she received the lump sum disability payment. But she reads the "subsequent determination" language in Harris out of context.
In Harris, "the Department neither considered nor determined whether Harris was totally and permanently disabled prior to July 1, 1986." 120 Wash.2d at 474, 843 P.2d 1056. Here, Potter did in fact "receive compensation" in January 1996. At that time, she "took possession or delivery of the disability award. She was a person "receiving compensation for temporary or permanent total disability...." RCW 51.32.220(1); see also Frazier, at 419, 3 P.3d 221.
In addition, the Harris court was considering a different statute with a different purpose, and its decision turned on whether the claimant was receiving state benefits as of a specific date. 120 Wash.2d at 472, 843 P.2d 1056. The Harris court noted that RCW 51.32.225 did not relate to 42 U.S.C. § 424a, which pertains to claimants under age 65 only. 120 Wash.2d at 470, 843 P.2d 1056. We are not dealing with a narrowly drawn exception like the one set forth in RCW 51.32.225(1). Rather, RCW 51.32.220, adopted in direct response to 42 U.S.C. § 424a(d), strives to coordinate state and federal disability benefits so as to avoid overlap. Harris, 120 Wash.2d at 467, 471, 843 P.2d 1056.
Potter also argues that she did not receive payments "pursuant to chapter 51.32, which requires the monthly payments be made during the month of disability." RCW 51.32.090(1) mandates payment of benefits for temporary total disability in accordance with RCW 51.32.060. RCW 51.32.060(1) states: "When the supervisor of industrial insurance shall determine that permanent total disability results from the injury, the worker shall receive monthly [payments] during the period of such disability[.]"
Potter's hypertechnical argument is inconsistent with the overall statutory scheme related to workers' compensation benefits and with common sense. Taken to its logical conclusion, this argument would prevent the Department from making retroactive lump sum payments. In other words, it would require the Department to either make monthly payments on demand or make no payments at all.
Specifically, this reading of the statute ignores the statutory language requiring the Department to make an initial decision as to the claimant's eligibility. RCW 51.32.060(1). It also ignores the reality of the appeals process under the Industrial Insurance Act, RCW 51.52.
Here, the Department made an initial determination that Potter was not entitled to payments for a temporary total disability. RCW 51.32.060(1), .090(1). This denial triggered Potter's use of the Industrial Insurance Act's appeals process to determine whether the Department's determination was correct. RCW 51.52.104, .106. The Board *234 ultimately determined that Potter was eligible to receive benefits during the relevant period.
A commonsense and harmonized reading of RCW 51.32 and RCW 51.52 supports the Department's contention that it has authority to make lump sum retroactive payments upon the Board's final determination of eligibility and to apply the reverse offset retroactively as well. See, e.g., Blair v. Washington State Univ., 108 Wash.2d 558, 576-77, 740 P.2d 1379 (1987) (harmonizing general and specific provisions appearing in separate chapters of RCW). This reading furthers the Legislature's intent to avoid overlapping and duplicate payment of both state and federal disability benefits. RCW 51.32.220(1); 42 U.S.C. § 424a(d); Harris, 120 Wash.2d at 469, 843 P.2d 1056; Regnier v. Department of Labor & Indus., 110 Wash.2d 60, 62, 749 P.2d 1299 (1988); Ravsten, 108 Wash.2d at 149, 736 P.2d 265.
Potter counters the Department's policy argument with her own. She states that a retroactive offset will remove any incentive for the Department "to correctly or timely adjudicate claims" and will encourage "lethargic and erroneous claims administration." Even if she had presented data supporting these contentions, this is an argument properly addressed to the Legislature. We cannot give a statute an interpretation that is inconsistent with its plain language based upon speculation that a plain reading may possibly produce negative repercussions. See Cooper's Mobile Homes, Inc. v. Simmons, 94 Wash.2d 321, 326, 617 P.2d 415 (1980) (reviewing court will not apply absurd interpretation of statute to achieve desired result); Geschwind v. Flanagan, 121 Wash.2d 833, 841, 854 P.2d 1061 (1993) (reviewing court obliged to give plain meaning of statute full effect, even when results seem unduly harsh).
Consequently, Potter received benefits when the Department made the January 1996 lump sum payment. At that time, the Department acted in accordance with RCW 51.32.220(1) when it deducted the offset from its payment to Potter. The trial court erred in concluding otherwise.
Potter also suggests that she did not receive adequate notification. Before taking a reverse offset, the Department must notify the claimant "prior to the month in which the reduction is made." RCW 51.32.220(4). Here, the Department deducted the offset from the benefit check it issued Potter on January 2, 1996.
The Department sent Potter at least two documents on December 19, 1995, notifying her of its intent to "adjust" her benefits due to her receipt of social security benefits. Consequently, the Department gave Potter adequate notice under the unambiguous language of RCW 51.32.220(4).
Potter further alleges that the Department's interpretation of RCW 51.32.220(1) conflicts with the six-month limitation in RCW 51.32.220(2). RCW 51.32.220(2) states in pertinent part:
That in the event of an overpayment of benefits the department or self-insurer may not recover more than the overpayments for the six months immediately preceding the date the department or self-insurer notifies the worker that an overpayment has occurred[.]
According to Potter, allowing a retroactive offset will create a hardship that RCW 51.32.220(2) was designed to avoid.
We see no conflict. RCW 51.32.220(2) and a related statute, RCW 51.32.230, authorize the Department to require a claimant to repay excess benefit payments that the claimant has already received but limit the recovery to six months. This limitation prevents an undue hardship on claimants who may have spent or encumbered the excess payments. RCW 51.32.230.
Here, Potter did not receive an overpayment; rather, the Department acted to prevent an overpayment. Avoiding overlapping and duplicate benefit payments is the very purpose of RCW 51.32.220(1). Regnier, 110 Wash.2d at 62, 749 P.2d 1299; Ravsten, 108 Wash.2d at 149, 736 P.2d 265. Consequently, Potter's argument on this point is unpersuasive.
*235 We reverse the trial court and remand the matter to the Department for further proceedings consistent with the Board's final decision and order.
Accordingly, we reverse.
HOUGHTON, J., and ARMSTRONG, C.J., concur.
NOTES
[1] As part of the closing order, the Department sought reimbursement of an overpayment of benefits. Potter appealed and in 1994, the parties resolved the matter through a stipulated judgment and order. This case does not involve the appeal of the 1990 closing order.
[2] RCW 51.32.225(1) states:

For persons receiving compensation for temporary or permanent total disability under this title, the compensation shall be reduced by the department to allow an offset for social security retirement benefits payable under the federal social security, old age survivors, and disability insurance act, 42 U.S.C. This reduction shall not apply to any worker who is receiving permanent total disability benefits prior to July 1, 1986.
(emphasis added.)