178 P.3d 1074 (2008)
Hoa DOAN, Respondent,
v.
STATE of Washington DEPARTMENT OF LABOR AND INDUSTRIES, Appellant.
No. 35877-8-II.
Court of Appeals of Washington, Division 2.
March 25, 2008.
*1075 John S. Barnes, Office of the Attorney General, Olympia, WA, for Appellant.
Carol Lee Casey-Rodin, Port Orchard, WA, for Respondent.
BRIDGEWATER, J.
¶ 1 The Department of Labor and Industries (Department) appeals from a Kitsap County Superior Court order finding that it improperly gave advance notice of its intention to offset federal social security disability benefits from potential state permanent or temporary total disability benefits. We hold that there is no authority for the Department to send advance notice of its intention to offset potential state disability compensation by any concurrent social security benefits a claimant may receive before the Department determines whether the claimant qualifies for state disability compensation during the same time period. We affirm.

FACTS[1]
¶ 2 Hoa Doan suffered an industrial injury in 1988. The Department approved his claim for temporary total disability benefits (also known as "time-loss compensation" (TLC benefits)) in 1990. On January 1, 1994, it discontinued these total disability benefits, which included loss of earning power (LEP) benefits. The Department has not awarded Doan total disability benefits since 1994.[2] Then in 1999, the Department closed Doan's claim and distributed to him a retroactive lump sum payout of permanent partial disability benefits of $21,780.00.
¶ 3 But Doan's condition worsened, and in October 1999, he filed an application to reopen his claim.[3] The Department acquiesced and reopened the claim effective September 21, 1999. Meanwhile, Doan applied for and was awarded federal social security benefits around August 2000. Also in August of 2000, the Social Security Administration notified the Department that it approved Doan's federal retirement social security claim.
¶ 4 On July 14, 2003, the Department closed Doan's claim a second time and awarded him a lump sum of $4,500.00 for net permanent partial disability payments remaining. Doan filed a protest and request for reconsideration in August 2003. The following July, the Department issued an order modifying its July 14, 2003 order from final to interlocutory. This effectively allowed Doan's claim to remain open.
¶ 5 Then on August 26, 2004, the Department issued an order adjusting Doan's compensation on his initial claim, effective September 1, 2000, due to the fact that Doan was receiving social security retirement benefits, even though he was not receiving compensation for total disability that could be offset. The order also included annual cost of living adjustments beginning each July from 2001 through 2004. When the Department issued the order it had already closed the claim and refused any payment of total disability benefits for any period of time involved in the social security offset order. In addition, the order included the following language:
Your legal rights if you disagree with this order:
This order becomes final 60 days from the date it is communicated to you unless you do one of the following. You can either file a written request for reconsideration with the Department or file a written appeal with the Board of Industrial Insurance Appeals.
AR at 16. On the advice of his lawyer, Doan timely appealed to the Department.
*1076 ¶ 6 The Department issued an order affirming its July 14, 2003 order. It also affirmed its August 26, 2004 order. Doan timely appealed to the Board of Industrial Insurance Appeals (BIIA).
¶ 7 On June 10, 2005, the BIIA mailed its proposed decision to the parties. The Industrial Appeals Judge denied Doan's motion for summary judgment and granted the Department's cross-motion for summary judgment. Doan subsequently filed a proper petition for review with the BIIA on July 5, 2005. When the BIIA denied Doan's petition, he appealed to the Kitsap County Superior Court. The trial court reversed the BIAA's decision, finding that because Doan had "not received a retroactive award of total disability benefits, or any benefits from which an offset can be taken under RCW 51.32.225, the Department did not have the authority to enter the August 26 order." CP at 7. Now, the Department timely appeals the trial court's decision.

ANALYSIS
¶ 8 The crux of the Department's argument is that the plain language of RCW 51.32.220 and RCW 51.32.225 authorizes the Department to send advance notice of its right to offset future state total disability compensation that may become due. The Department's position is inconsistent with the plain language of the statutory scheme.

Standard of Review
¶ 9 Construction of a statute is a legal question, subject to de novo review. Stuckey v. Dep't of Labor & Indus., 129 Wash.2d 289, 295, 916 P.2d 399 (1996); Potter v. Dep't of Labor & Indus., 101 Wash.App. 399, 405, 3 P.3d 229 (2000). If the statutory meaning is clear, we give effect to the plain language without regard to the rules of statutory construction. Potter, 101 Wash.App. at 405, 3 P.3d 229; Allan v. Dep't of Labor & Indus., 66 Wash.App. 415, 418, 832 P.2d 489 (1992). When interpreting statutes, our function is to give effect to the object and intent of the Legislature. Ravsten v. Dep't of Labor & Indus., 108 Wash.2d 143, 150, 736 P.2d 265 (1987); Herzog v. Dep't of Labor & Indus., 40 Wash.App. 20, 25, 696 P.2d 1247 (1985). We assume that the legislature means what it says. Potter, 101 Wash.App. at 405, 3 P.3d 229.
¶ 10 The purpose of the statutory scheme here is "to see that a disabled person is fully compensated for his disability, but not permitted to collect[] overlapping awards." Ravsten, 108 Wash.2d at 149, 736 P.2d 265. To allow a claimant to collect an award that amounts to a windfall is contrary to the "obvious intent of the controlling statutes." Herzog, 40 Wash.App. at 25, 696 P.2d 1247.
¶ 11 Both the Department and Doan assert that the statutes at issue are unambiguous and thus we should rely on the plain language of RCW 51.32.220 and RCW 51.32.225 to decide this case. Indeed, the parties are correct. Washington courts have previously construed the plain language of these statutory provisions as unambiguous. See Frazier v. Dep't of Labor & Indus., 101 Wash.App. 411, 420, 421, 3 P.3d 221 (2000) (construing the plain language of RCW 51.32.225(1), 51.32.220(1), and 51.32.220(2) as clear); Potter, 101 Wash.App. at 405-07, 3 P.3d 229 (construing the plain language of RCW 51.32.220(1) and RCW 51.32.225(1) as unambiguous); Harris v. Dep't of Labor & Indus., 120 Wash.2d 461, 472, 843 P.2d 1056 (1993) (construing the plain language of RCW 51.32.225(1), including the phrase "receiving permanent total disability benefits" as unambiguous). Therefore, this case turns on the plain language of RCW 51.32.220 and 51.32.225.
¶ 12 RCW 51.32.225 allows the state to reduce disability payments for persons who receive federal social security retirement benefits. Frazier, 101 Wash.App. at 416-17, 3 P.3d 221. In addition, RCW 51.32.220 addresses the procedural requirements for total disability compensation offset by social security retirement benefits. Frazier, 101 Wash. App. at 415, 3 P.3d 221. Both statutes provide an offset "[f]or persons receiving compensation for temporary or permanent total disability." RCW 51.32.225(1); RCW 51.32.220(1). The merit of the Department's argument that it had authority to send advance notice of the offset to Doan specifically turns on the phrase "receiving compensation" *1077 and the subsequent notice procedural requirements in the statutory scheme.

Receiving Compensation
¶ 13 The Department concedes that Doan had not received compensation for temporary or total disability when it sent advance notice of reverse offsetting of potential future state total disability compensation. Nevertheless, it argues that "receiving compensation" in the statutory scheme means "for persons who at some point receive [State compensation]." Br. of Appellant at 15. This argument fails under the plain language of the statute.
¶ 14 RCW 51.32.225(1) states in pertinent part:
For persons receiving compensation for temporary or permanent total disability under this title, the compensation shall be reduced by the department to allow an offset for social security retirement benefits payable under the federal social security, old age survivors, and disability insurance act, 42 U.S.C. This reduction shall not apply to any worker who is receiving permanent total disability benefits prior to July 1, 1986.
(Emphasis added.)
¶ 15 Washington courts have previously interpreted the meaning of "receiving compensation" in the context of RCW 51.32.225(1). For example, in Harris, the Washington Supreme Court found that "[t]o receive is to `take possession or delivery of something.'" Harris, 120 Wash.2d at 472, 843 P.2d 1056 (citing Webster's Third New International Dictionary, 1894 (1976)). The Harris court then went on to address whether the claimant was "receiving" permanent disability benefits as of July 1, 1986, such that he would qualify for the statutory exception to the offset. Harris, 120 Wash.2d at 472, 843 P.2d 1056. The claimant's widow argued that her husband fell into the statutory exception to the offset because he sustained his alleged permanent and disabling injuries before July 1, 1986. Harris, 120 Wash.2d at 472, 843 P.2d 1056.
¶ 16 But the Washington Supreme Court rejected this argument, reasoning that the claimant had not taken possession or delivery of permanent disability benefits on July 1, 1986. Harris, 120 Wash.2d at 472, 843 P.2d 1056. In fact, the claimant had not even requested that the Department determine whether he qualified as permanently disabled under the statutory scheme on the date in question. Harris, 120 Wash.2d at 472, 843 P.2d 1056. The Supreme Court expressly refused to "read the term `receive' to mean `subsequently determined eligible to receive.' This would improperly stretch the language of the statute." Harris, 120 Wash.2d at 472, 843 P.2d 1056. Thus, it held that the claimant was not eligible for the offset exception. Harris, 120 Wash.2d at 472, 843 P.2d 1056.
¶ 17 Likewise, in Frazier, we construed "receiving compensation" in the context of RCW 51.32.225 to mean taking possession or delivery of TLC benefits. Frazier, 101 Wash.App. at 420, 3 P.3d 221. We rejected the claimant's argument that he was not receiving compensation under RCW 51.32.225(1) because the Department paid him a lump sum disability payment rather than monthly benefits. Therefore, we held that the claimant's lump sum disability payment was subject to the offset. Frazier, 101 Wash.App. at 420, 3 P.3d 221; see also Potter, 101 Wash.App. at 409, 3 P.3d 229 (finding that the claimant received benefits when the Department made a retroactive lump sum payment and that retroactive lump sum payment was subject to deduction of offset from social security benefits received during the same time period, pursuant to RCW 51.32.220(1)).
¶ 18 Here, contrary to the facts in Frazier, Doan has not taken possession or delivery of any temporary or permanent total benefits since 1994. In particular, Doan did not take possession or delivery of any temporary or permanent total benefits between September 1, 2000 and July 1, 2003, the period in which he collected social security retirement benefits. Therefore, he was not "receiving compensation" under RCW 51.32.220(1). See Frazier, 101 Wash.App. at 420, 3 P.3d 221; Potter, 101 Wash.App. at 409, 3 P.3d 229; see also Harris, 120 Wash.2d at 472, 843 P.2d 1056. Nevertheless, the Department maintains it complied with the notice procedural *1078 requirements set forth in the statutory scheme.

Notice Procedural Requirements
¶ 19 The Department argues that even though Doan was not receiving benefits at the time, it had statutory authority under RCW 51.32.220 and RCW 51.32.225 to send advance notice of its intent to offset state total disability compensation, should it determine such benefits are due, by any social security benefits that Doan received during the same time period. This argument is logical in theory, but not in application. Furthermore, the Department's argument is contrary to the statute's plain meaning.
¶ 20 Under RCW 51.32.220(2),[4] the Department may take an offset the month following the month in which the federal Social Security Administration notifies it that the claimant is receiving disability benefits. Under RCW 51.32.220(4),[5] the Department may not take an offset until the month following the month that the Department notifies the claimant of the offset. The Department cites both Frazier and Potter to support its argument that it may send advance notice of an offset, even though the claimant has not received compensation subject to an offset. But the facts of both Frazier and Potter are distinguishable and thus inapposite.
¶ 21 In Frazier, the Department notified the claimant of the offset after it made a retroactive lump sum total disability payout. Frazier, 101 Wash.App. at 413-14, 3 P.3d 221. Accordingly, we determined that the Department properly notified the claimant of the offset and properly applied the offset retroactively the month following notification. Frazier, 101 Wash.App. at 420-21, 3 P.3d 221.
¶ 22 Similarly, in Potter, we found that the Department properly notified and applied an offset retroactively. There, in September 1995, the BIIA instructed the Department to pay the claimant "`time loss compensation from 02/23/93 through 10/25/94.'" Potter, 101 Wash.App. at 402, 3 P.3d 229. In December 1995, the Social Security Administration notified the Department that the claimant had been receiving social security disability benefits since August 1, 1993. Potter, 101 Wash. App. at 402, 3 P.3d 229. The Department immediately notified the claimant of the offset and applied it in January, the following month. Potter, 101 Wash.App. at 402, 3 P.3d 229.
¶ 23 On appeal, the claimant argued that the Department erroneously applied the offset to the retroactive lump sum payment because it is only authorized to take the offset when the claimant is receiving monthly payments. Potter, 101 Wash.App. at 403, 3 P.3d 229. But we rejected the claimant's argument, holding that the claimant "received compensation" when the Department made the lump sum retroactive payment. Potter, 101 Wash.App. at 405, 409, 3 P.3d 229. Therefore, under the statutory scheme, the Department properly applied the offset retroactively as well. Potter, 101 Wash.App. at 409, 3 P.3d 229. Moreover, we noted that if the Department was not permitted to apply an offset to a retroactive payment, it would result in double payment to the claimant, contrary to the purpose of RCW 51.32.220. Potter, 101 Wash.App. at 410, 3 P.3d 229.
¶ 24 But Potter is distinguishable from the facts of this case, as is Frazier. Here, neither the Department nor the BIIA have determined whether Doan is eligible for benefits subject to offset. And it is undisputed that Doan has not received payment of temporary or permanent total disability awards from the Department between 2000 and 2004, the period in which he received social security retirement benefits. In fact, Doan had not received any compensation generally subject to offsets under chapter 51.32 RCW since 1994.
*1079 ¶ 25 This is problematic because the Department's order specified that Doan had only 60 days to challenge the order, otherwise it became final. If we allow the Department's order to stand, then Doan will not have an opportunity to challenge it, if and when it is appropriate in the future. While Doan's case may develop such that in the future he is entitled to compensation subject to offset, these are not the facts currently before us. Therefore, because Doan has not received a retroactive award of total disability benefits, or any benefits from which an offset can be taken under RCW 51.32.225, the Department did not have the authority to enter the advance-notice order.
¶ 26 Moreover, this conclusion complies with the purpose of the statutory scheme  to avoid overlapping and duplicate benefits. See Potter, 101 Wash.App. at 410, 3 P.3d 229. To date, Doan has not received benefits subject to offset. Thus, he has not received duplicate benefits for the same injury. Again, if and when the Department determines that he is entitled to a permanent or temporary total disability award between 2000 and 2004, then the Department must give notice of offset and may apply the offset retroactively. See Potter, 101 Wash.App. at 406, 409, 3 P.3d 229; Frazier, 101 Wash.App. at 420-21, 3 P.3d 221. Accordingly, we affirm the trial court's decision, reversing the Department's order.

ATTORNEY FEES
¶ 27 The trial court awarded contingent attorney fees to Doan as the prevailing party. Under RCW 51.52.130, the Department must pay attorney fees and costs only "when and if the medical aid fund or accident fund is affected by this litigation." CP at 16. The Department challenges the trial court's award, arguing that Doan is not entitled to attorney fees and costs because the trial court erroneously reversed the Department's order. Alternatively, the Department argues that any fee award is payable only "`when and if the medical aid fund or accident fund is affected by this litigation.'" Br. of Appellant at 31 (quoting CP at 16).
¶ 28 Under RCW 51.52.130, attorney fees are awarded to the worker or beneficiary where his or her appeal to the superior or appellate court results in a reversal or modification of the BIIA decision and additional relief is granted to the worker or beneficiary, as well as to the worker or beneficiary whose right to relief is sustained when the Department or employer appeals. The statute encompasses fees in both superior and appellate courts when both courts review the matter. Fred Meyer, Inc. v. Shearer, 102 Wash.App. 336, 341, 8 P.3d 310 (2000), review denied, 143 Wash.2d 1003, 21 P.3d 290 (2001).
¶ 29 Here, the trial court properly reversed the Department's decision and thus properly granted reasonable attorney fees and costs in the event that "the medical aid fund or accident fund is affected by this litigation." CP at 16. We affirm and include the attorney fees and costs of this appeal. See Hi-Way Fuel Co. v. Estate of Allyn, 128 Wash.App. 351, 115 P.3d 1031 (2005) (finding that attorney fees statute that awarded fees when a worker or beneficiary's appeal resulted in a reversal or modification of BIIA decision encompasses fees in both the superior and appellate courts when both courts review the matter). Doan must comply with RAP 18. 1, and the award of attorney fees is contingent, as was that in trial court, upon the condition that the medical aid fund or accident fund is affected and proof of such is supplied to the trial court.
¶ 30 Affirmed.
We concur: VAN DEREN, A.C.J., and PENOYAR, J.
NOTES
[1] The facts are undisputed in this case.
[2] Permanent partial disability compensation is not considered total disability compensation. Thus, neither of these forms of compensation may be offset by social security benefits. See RCW 51.32.220(2); 51.32.225.
[3] Under RCW 51.32.160, a claimant may reopen his worker's application if he submits the application within seven years of the date the claim was closed initially.
[4] RCW 51.32.220(2) states in pertinent part:

Any reduction under subsection (1) of this section shall be effective the month following the month in which the department or self-insurer is notified by the federal social security administration that the person is receiving disability benefits under the federal old-age, survivors, and disability insurance act. . . .
[5] RCW 51.32.220(4) states in pertinent part:

No reduction may be made unless the worker receives notice of the reduction prior to the month in which the reduction is made.