IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED
2018 SEP 10 AM 9: 55

| | | |
|---|---|---|
| C.A. CAREY CORPORATION, a Washington corporation, | ) ) ) | No. 78100-6-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) ) | UNPUBLISHED OPINION |
| CITY OF SNOQUALMIE, a Washington corporation, | ) ) ) | |
| Petitioner. | ) ) ) | FILED: September 10, 2018 |

PER CURIAM — The City of Snoqualmie (City) appeals the trial court's order denying a motion to disqualify a judge. Under the statute, disqualification is only appropriate if the judge has yet to make a discretionary ruling in the case. Because the trial judge's denial of a stipulated motion for a trial continuance is not a discretionary ruling under RCW 4.12.050(2), the trial court erred in denying the City's motion. We reverse and remand with instructions to grant the motion to disqualify.

## FACTS

The underlying lawsuit arose from a breach of contract claim between the City and C.A. Carey Corporation (Carey). When Carey filed its complaint in King County Superior Court on May 12, 2017, the court clerk assigned the case to Judge Barbara Linde. When Carey filed an affidavit of prejudice, the case was

reassigned to Judge Suzanne Parisien.[1] The parties submitted a stipulated order to continue the trial in January 2018, which Judge Parisien denied. The City then filed a motion to disqualify Judge Parisien under RCW 4.12.050(1)(a). Judge Parisien denied the City's motion to disqualify, reasoning that she had exercised her discretion in denying the requested continuance.

## ANALYSIS

The City asserts that Judge Parisien committed reversible error contrary to statute in denying its motion to disqualify. We agree.

This court reviews questions of statutory construction de novo. Stuckey v. Dep't of Labor & Indus., 129 Wn.2d 289, 295, 916 P.2d 399 (1996). RCW 4.12.050 provides that:

> (1) Any party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter, subject to these limitations:
> (a) Notice of disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case.
> . . . .
> (2) Even though they may involve discretion, the following actions by a judge do not cause the loss of the right to file a notice of disqualification against that judge: . . . . ruling on an agreed continuance . . . .

RCW 4.12.050. The statute was amended in 2017 to clarify whether certain rulings were considered discretionary. See LAWS OF 2017, ch. 42, § 2. As amended, RCW 4.12.050 explicitly states that ruling on an agreed continuance is not considered discretionary for purposes of the statute. RCW 4.12.050(2). The statute makes no distinction between granting or denying such a motion. Judge Parisien stated

---

[1] Prior to July 23, 2017, the act of disqualifying a judge was referred to as an affidavit of prejudice. See LAWS OF 2017, ch. 42; LAWS OF 1941, ch. 148, § 2.

that her sole reason for denying the motion to disqualify was because she had "exercised her discretion in denying a stipulated motion for continuance." This decision directly conflicts with the statute. Thus, the trial court erred in denying the motion to disqualify.

Reversed and remanded for further proceedings consistent with this ruling.

FOR THE COURT: